FREDERICK EHRICHS, Respondent, *v.* RICHARD M. DE MILL, Appellant.

One H., having entered into a contract with defendant to grade and pave a certain street, and being indebted to plaintiff gave to the latter a written order directed to defendant, requesting him to pay plaintiff $400 on account of said work, "as per contract;" defendant verbally accepted the order, and thereupon plaintiff released certain security which he held. In an action thereon, *held*, that the instrument was not a bill of exchange, but a mere appropriation of so much of the contract price to become due H. and only payable out of that fund; which appropriation became irrevocable when assented to by defendant, and he was liable to pay over the amount from the sums, if any, which should become due H. on the contract.

Where the allegations of the complaint in an action are put at issue by the answer, and upon the trial are found in favor of plaintiff, but judgment is rendered thereon in favor of defendant, it is error for the General Term upon reversal of the judgment to direct judgment for plaintiff; a new trial should be ordered. Defendant having obtained judgment is not called upon to except to the findings, or to insert the evidence in the case to show that they were controverted.

(Argued November 21, 1878; decided December 3, 1878.)

APPEAL from judgment of the General Term of the City Court of Brooklyn in favor of plaintiff, entered upon an order reversing a judgment in favor of defendant, entered upon a decision of the court on trial without a jury, and directing a judgment for plaintiff.

The complaint alleged and the court found, in substance, the following facts:

Defendant, owning land fronting on Lexington avenue, in the city of Brooklyn, entered into a contract with one James P. Howard for the paving of said street in front of said land. Howard was indebted to the plaintiff in the sum of $400, as security for which debt said plaintiff held a horse belonging to said Howard. In order to obtain possession of said horse Howard proposed to give plaintiff an order on the defendant for said sum, to be paid out of moneys to become due Howard on said contract, and plaintiff agreed

to deliver up said horse provided the defendant would agree to accept said order. Defendant thereupon agreed verbally with plaintiff to accept the order, and in consideration of said agreement the plaintiff delivered up the horse to Howard upon receiving from Howard a written order in the words and figures following :

"Brooklyn, N. Y., *April* 23, 1874.

" Mr. Richard De Mill :

" Please pay to F. Erichs $400, and charge the same to my account of grading and paving Lexington avenue, between Patchen and Broadway, as per contract.

    " $400.              JAMES P. HOWARD."

Plaintiff, after the receipt of the order, and before the delivery of said horse, exhibited the order to the defendant and informed him that Howard wanted his horse, and he, plaintiff, was unwilling to give him up until he was sure the order was good ; defendant read the order and said it was all right, whereupon said plaintiff delivered up said horse to Howard, and said order was afterwards, in May, 1874, delivered to defendant, who retained it until February, 1875, when he returned the same to the plaintiff, but said defendant did not accept said order in writing or make any written agreement to pay the same. Said contract was afterwards, and about December 10, 1874, completed by Howard, and more than $400 became due thereon from defendant, and thereupon said plaintiff demanded payment of said order from defendant, which was refused. The answer was a general denial.

Upon the facts so found the court, as matter of law, held that plaintiff was not entitled to recover.

*Theo. F. Jackson,* for appellant. The order in question was a bill of exchange (*Shaver* v. *W. U. Tel. Co.,* 57 N. Y., 463, 470; *Kelly* v. *Mayor of Brooklyn,* 4 Hill, 265; *Hoyt* v. *Lynch,* 2 Sandf., 331.) An ordinary draft or bill of exchange unaccepted and not made payable out of a particu-

lar fund does not operate as an assignment or appropriation of funds of the drawer which may be in the hands of the drawee. (*Mandeville* v. *Welch*, 5 Wheat., 286; *Harris* v. *Clark*, 3 N. Y., 93; *Cowperwait* v. *Sheffield*, id., 243; *Winter* v. *Drury*, 5 id., 525; *Chapman* v. *White*, 6 id., 412; *Luff* v. *Pope*, 5 Hill, 413; aff'd, 1 Hill, 577.) The alleged agreement to accept the order being verbal, was void under the statute of frauds. (1 R. S., 768, §§ 6–10.) The exception in section ten does not apply to a payee of a draft but only to a person who has drawn or negotiated it. (*Blackstone* v. *Dudley*, 5 Duer, 373; *N. Y. and V. State Stock Bk.* v. *Gibson*, id., 574.) If the judgment entered on the trial was erroneous the General Term should have ordered a new trial. (*Astor* v. *L'Amoreux*, 8 N. Y., 107; *Griffin* v. *Marguard*, 17 id., 28; *Edmonston* v. *McLeod*, 16 id., 545.)

*Nicholson P. O'Brien*, for respondent. The acceptance of the order and its retention by defendant operated as a valid assignment of so much of the fund and rendered him liable therefor. (*Field* v. *Mayor, etc.*, 6 N. Y., 179.) The order was a specific order on a particular fund. (*Lowery* v. *Stewart*, 25 N. Y., 234; *Morton* v. *Naylor*, 1 Hill, 583; *Parker* v. *City of Syracuse*, 37 N. Y., 376.) There was a consideration for the entire agreement sufficient for defendant's promise of a new and distinct consideration independent of the order. (*Harrison* v. *Sawtel*, 10 J. R., 242; *McNemony* v. *Ferrers*, 3 id., 82–83.) The agreement with defendant constituted a new, distinct and original consideration between the parties. (*Leonard* v. *Vredenburgh*, 8 J. R., 29–31; *Myers* v. *Morse*, 15 id., 425; *Sanders* v. *Gillespie*, 59 N. Y., 252.) The order was an equitable assignment of the $400, irrevocable as soon as the parties acted upon it. (*Weston* v. *Barker*, 12 J. R., 276; *Canfield* v. *Munger*, id., 346; 2 Story Eq. Jur., §§ 761–762; *Munger* v. *Shannon*, 61 N. Y., 257–259.) A promise arising out of some new consideration of benefit to the promissor, or loss or harm to the promisee, is not within the statute of frauds. (*Farley* v. *Cleveland*, 4 Cow., 432;

9 id., 639; *Barker* v. *Bucklin*, 2 Denio, 45; *Hudson C. C.* v. *Westchester Bank*, 4 id., 27; *Lawrence* v. *Fox*, 20 N. Y., 268.) Defendant was bound as soon as the money became due to Howard to pay it over to plaintiff. (*Quinn* v. *Hanford*, 1 Hill, 85; *Luff* v. *Pope*, 5 id., 417.)

HAND, J. It must be conceded that the question is a very close one whether the order of Howard upon the defendant, was a draft payable at all events, or a mere appropriation of so much of the contract price for paving, to become due Howard, and only payable out of that fund.

There is some confusion in the cases, but they agree that a mere direction as to the means of reimbursement, as for instance, to charge the amount of the draft to a certain account, does not ordinarily vitiate it as a bill of exchange; and upon such an instrument, if properly accepted, the drawee is liable at all events. In this case however, the order should I think be construed as a direction to pay the $400 only "as per contract" between Howard and the defendant, and hence only *out* of moneys to become due thereunder. It would not therefore be a direction to pay that sum at all events, but only out of those moneys.

The direction is not distinguishable in principle from that in *Munger* v. *Shannon* (61 N. Y., 251). If an instruction that the amount, ordered to be paid, should be deducted from a certain fund, whether existing or contingent, makes the order payable only out of that fund, it would seem clear that an order for payment "as per contract," confined the direction for payment to the fund becoming due by the contract. Following therefore the case of *Munger* v. *Shannon* (*supra*), and without expressing any opinion as to whether the defendant might, or might not be liable upon other grounds, we concur with the General Term that this was an appropriation of the fund in the hands of the defendant and that he was liable to keep and pay over to the plaintiff that amount from the sums, if any, which should become due Howard on the contract for paving.

Affirming the reversal of the judgment for defendant by the General Term, we are, nevertheless of, the opinion that they should not have given judgment absolute for the plaintiff upon the findings. The plaintiff's allegations were all put at issue by the answer and the defendant's counsel now declares that he can disprove some of the most material of these, and of course, it is not impossible but that, on another trial, the plaintiff would fail to establish the facts necessary to his recovery even upon the view of the law taken by the General Term.

It is said, that the findings of facts, not having been excepted to, are to be taken as absolutely true, and assented to by both parties. But it is to be remembered that the defendant obtained judgment at the Special Term upon these findings as they stood, and was not called upon to except to them, or to insert the evidence in the case to show that they were controverted.

Under the well settled rule that where there is an issue upon material facts, which may possibly be decided in more than one way on another trial, there should be a new trial ordered upon the reversal of a judgment by the General Term (*Foot* v. *Ætna L. Ins. Co.*, 61 N. Y., 571; *Wolstenholme* v. *Wolstenholme File Mfg. Co.*, 64 id., 272) I think the judgment ordered by the court below in favor of the plaintiff upon the findings should be reversed.

The judgment of the court below reversing the judgment at Special Term for the defendant must be affirmed, but the judgment for the plaintiff must be reversed, and a new trial ordered, with costs to abide the event.

All concur, except CHURCH, Ch. J., absent.

Ordered accordingly.