DANIEL W. GUERNSEY, as Assignee, etc., *v.* PARMELIA MILLER, Appellant, EDGAR M. VAN KLEECK, as Assignee, etc., Respondent.

A General Term of the Supreme Court has power to amend its record, after an appeal to this court, by inserting in an order of reversal that its decision was made upon questions of fact.

To justify an appellate court in rendering final judgment against the respondent upon reversal of a judgment, it is not sufficient that it is improbable that the defeated party can succeed upon a new trial; it must appear that he certainly cannot.

*It seems,* that under the bankrupt act as amended in 1874 (U. S. R., § 5128), an assignee in bankruptcy, in order to set aside an assignment of property made by the bankrupt to a creditor, must establish not only that the person claiming under the assignment received it with "reasonable cause to believe" the assignor "insolvent," but that he received it "knowing that such assignment was made in fraud of the provisions of the act." The "reasonable cause to believe" the insolvency may rest upon conjecture, but the knowledge of the fraud must be established as a fact.

(Argued February 2, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, modifying a judgment of Special Term.

This action was brought by plaintiff as assignee for the benefit of creditors of John H. Miller, against the creditors for an accounting as to their claims and the amounts to which they are entitled from the assets in the hands of plaintiff as assignee.

Defendant Parmelia Miller answered, claiming an indebtedness of the assignor to James D. Miller, an assignment thereof to her, and asked to have the distributive share upon said claim paid to her.

Defendant Edgar M. Van Kleeck, as assignee in bankruptcy of said James D. Miller, also claimed the dividend on the ground that the assignment was void under the bankrupt act.

The court found that the distributive share due upon the claim in question was $1,082.70; that in March, 1877, said James D. Miller assigned said claim and his interest in the assigned estate to an amount larger than said dividend to defendant Parmelia Miller in payment of a debt due from him to her; that the assignment was not made with a view of giving her a preference, and that she did not have reasonable cause at the time to believe his assignor insolvent, and did not know that the assignment was in fraud of the bankrupt act; that the proceedings in bankruptcy in which said Van Kleeck was appointed assignee were commenced in May, 1877; and, as conclusion of law, that Parmelia Miller was entitled to said dividend. Judgment was entered accordingly. The General Term modified the judgment by declaring the said assignee in bankruptcy entitled to said dividend, and directing it to be paid to him. After the appeal to this court the order and judgment of the General Term was amended by inserting therein that the modification was upon questions of fact.

*O. D. M. Baker*, for appellant. Where the creditor has acquired a lien on the property of the debtor equal to the amount paid, there is no preference in discharging it by payment. (*Livingston* v. *Bruce*, 1 Blatch., 318; *Sawyer* v. *Turpin*, 91 U. S., 114.) The fact that at the time of the transfer the appellant might have had some reason to suspect insolvency, is not enough to bring the act within the statute. (*Grant* v. *National Bank*, 97 U. S., 80; *Forbes* v. *Howe*, 102 Mass., 427.) The transfer could not be avoided unless it be affirmatively established that the creditor took it knowing it to be made in fraud of the provisions of the law. The failure to establish any one of the required conditions, though all the others be shown, defeats the assignee's right to recover. (*Mayo* v. *Fritton*, 20 Wall., 414.)

*W. Farrington*, for respondent. The assignment to the appellant of the claim in dispute is void under the pro-

visions of the United States bankrupt act. (U. S. Rev. Stat., § 5128.) When a debtor is insolvent and knows it, any payment then made by him to a creditor in full must be made with intent to prefer. (*Driggs* v. *Moore*, 1 Abb. U. S. R., 440.) The burden of proof is on the debtor, and not on the assignee. (*Toof* v. *Martin*, 6 Bank. Reg., 49; 13 Wall., 40.) Reasonable cause to believe the debtor insolvent means a state of facts or circumstances which would lead a prudent man to make inquiries; the act does not require that the party shall know. (*Foster* v. *Hackley*, 2 Bank. Reg., 406; *In re J. B. Wright*, 2 id., 490; *Forbes* v. *Howe*, 102 Mass., 427.) Although the person receiving the transfer must know that such transfer was in fraud of the provisions of the bankrupt act, willful ignorance is equivalent to actual knowledge. (*Scammon* v. *Cole*, 5 Bank. Reg., 257; *Wager* v. *Hall*, 16 Wall., 584; *Galtman* v. *Honea*, 12 Bank. Reg., 493; *Loudon* v. *First Nat. Bank*, 15 id., 476.)

DANFORTH, J. Although the appeal from the judgment was first perfected, the Supreme Court had power to amend its record by conforming the order to the fact, and therein stating that its decision was made upon questions of fact, and its determination in that respect is not the subject of review. (*Buckingham* v. *Dickinson*, 54 N. Y., 682.) We think, however, that the General Term erred in directing judgment in favor of Van Kleeck. It cannot be said that upon a new trial the case would remain unaltered. The facts are not undisputed, and as it does not appear that the respondent is entitled to judgment in his favor, as matter of law, the issues made by the respective parties should have been sent back to the trial court for its determination. (*Astor* v. *L'Amoreux*, 8 N. Y., 107.) It is not sufficient that it is improbable that the defeated party can succeed upon the new trial; it must appear that he certainly cannot, to justify an appellate court in rendering final judgment against him. (*Foot* v. *Ætna Life Ins. Co.*, 61 N. Y., 571; *Arthur* v. *Griswold*, 55 id., 400, 411.) In

the very recent case of *Ehrichs* v. *De Mill* (75 N. Y., 370), the rule is regarded as well settled, that "where there is an issue upon material facts, which may possibly be decided in more than one way on another trial, there should be a new trial ordered upon the reversal of a judgment by the General Term." In view of this conclusion, I do not intend to review the evidence, or consider its force, but it is proper to call attention to the fact that the statute, as it now stands (§ 5128 U. S. R. S.), requires the assignee in bankruptcy to establish that the person claiming under the assignment which he seeks to avoid, received it not only with "reasonable cause to believe" the assignor "insolvent," but that she received it "knowing that such assignment was made in fraud of the provisions" of the act. Prior to the amendment which introduced these words, it was enough to show that she had "reasonable cause to believe" the assignment was made in fraud of the act. There is a difference in the meaning of the two phrases, and the substitution of one in place of the other, cannot have been made without intending a difference in construction. To "know," is something different from "belief," and we may infer, from the change in phraseology, that the statute imposed a liability only upon proof of that full and perfect assurance which amounts to actual knowledge, and exceeds that degree of information which would warrant belief. Reasonable cause to believe the insolvency of the assignor, may rest upon conjecture, but knowledge of the fraud must be established as a fact. Both may, no doubt, be established by circumstances, but the latter requires more cogent proof than the former.

The judgment of the General Term, so far as it modifies the judgment of the Special Term, is reversed, and a new trial granted, the costs in this court to abide the event.

All concur, except CHURCH, Ch. J., and MILLER, J., absent at argument.

Judgment accordingly.