CHARLES T. GOODWIN et al., Appellants and Respondents, *v*. JOHN S. CONKLIN, Appellant and Respondent.

In a case tried by a jury it is not necessary that an order of reversal by the General Term should state whether the reversal was on questions of law or fact, and where it does not state that the reversal was upon questions of fact, if the facts were properly before the court for review, it is not to be presumed that the reversal was upon questions of law only.

The rule applicable to cases tried by a referee or by the court without a jury (Code of Civil Procedure, § 1338), does not apply to cases tried by jury.

Where the facts are before the General Term, and it reverses the judgment, but instead of granting a new trial directs judgment absolute, its decision is reviewable here.

In such case, however, if it is determined by this court that the General Term went too far in directing final judgment, it is not necessary to wholly reverse, and to restore the original judgment; but the decision of the General Term may be modified so as to award a new trial.

In an action upon a promissory note it was alleged on the part of defendant, and evidence was given tending to prove, that two other notes were executed for the accommodation of one S., which were diverted from the purpose for which they were executed, and were indorsed, and transferred by S. to G. in payment of an antecedent debt, no new consideration being paid, and were transferred by G. to plaintiffs, that in payment of a balance due on said notes, the note in suit was given which did not have the indorsement of S., and that the original notes were surrendered; neither plaintiffs nor G. had notice that the original notes were accommodation notes. *Held*, that, assuming a defense existed as to the original notes, the surrender of the indorsement of S. upon acceptance of the new note, made the plaintiffs *bona fide* holders for value, and so excluded the defense ; and therefore a charge that the fact that none of the plaintiffs had knowledge of the character of the original notes was immaterial, was error.

(Submitted December 20, 1880 ; decided April 19, 1881.)

THESE were cross-appeals from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of January, 1878, modifying and affirming as modified a judgment in favor of defendant entered upon a verdict, and denying a motion for a new trial.

The nature of the modification and of the action, and the material facts are stated in the opinion.

*James H. Wood* for plaintiffs. The acceptance of a note or bill by a creditor in satisfaction of a debt due him is a negotiation by the debtor for value. (*Purchase* v. *Mattison*, 3 Bosw. 310; *White* v. *Springfield Bk.*, 3 Sandf. 222; *N. Y. Marbled Iron Works* v. *Smith*, 4 Duer, 362; *Ferdon* v. *Jones*, 2 E. D. Smith, 106; *Youngs* v. *Lee*, 12 N. Y. 551; *Brown* v. *Leavett*, 31 id. 113; *Bk. of Salina* v. *Babcock*, 21 Wend. 499; *Bk. of St. Albans* v. *Gilliland*, 23 id. 311; *Bk. of Sandusky* v. *Scoville*, 24 Wend. 115.) Whatever equities might have existed between Conklin and Sittig, and consequently between the defendant and plaintiffs, the title of the plaintiffs to the original notes was perfect and valid, as between Sittig and them. (*Merchants' Nat'l Bk.* v. *Comstock*, 55 N. Y. 27; *Frisbee* v. *Larned*, 21 Wend. 450; *Booth* v. *Smith*, 3 id. 68; *Waydell* v. *Luer*, 3 Denio, 416; *Gibson* v. *Booth*, 46 N. Y. 637; *Francia* v. *Del Banco*, 2 Duer, 133; *Soffe* v. *Gallagher*, 3 E. D. Smith, 507.) The fact that the original notes were indorsed by Mr. Sittig, and were delivered up and surrendered to defendant at the time they were renewed, while the note in suit was given by the defendant to and received by the plaintiffs without such indorsement thereon, operated as a payment of the original notes, created a new and independent contract, as between the plaintiffs and defendants, and operated to discharge the indorser on the original notes. (*Waydell* v. *Luer*, 3 Denio, 416; *Myers* v. *Welles*, 5 Hill, 463; *Hart* v. *Hudson*, 6 Duer, 294; *Livingston* v. *Radcliff*, 6 Barb. 201; *Dorlon* v. *Christie*, 39 id. 611.) In an action brought by a firm, the defendant cannot set up as a counter-claim a cause of action

against an individual member of that partnership, still less a cause of action against a party for whom that partner was acting as agent. (*Peabody* v. *Bloomer*, 6 Duer, 53 ; *Mott* v. *Burnett*, 2 E. D. Smith, 50 ; *Mynderse* v. *Snook*, 1 Lans. 488.)

*N. A. Halbert* for defendant. As the note in suit was an accommodation note, and was diverted and as plaintiffs were not *bona fide* holders, they were not entitled to recover. (*Lawrence* v. *Clark*, 36 N. Y. 128 ; *Weaver* v. *Barden*, 49 id. 286, 291–295 ; *Moore* v. *Ryder*, 65 id. 438.) Defendant is entitled to his counter-claim. (*Lawrence* v. *Am. Bk.*, 54 N. Y. 432 ; *Mayer* v. *The Mayor, etc., of New York*, 63 id. 455 ; *Bank of Commerce* v. *The Union Bk.*, 3 Comst. 230 ; *Waite* v. *Leggett*, 8 Cow. 195 ; *Westerlo* v. *Dewitt*, 36 N. Y. 340 ; *Barker* v. *Clark*, 12 Abb. Pr. [N. S.] 106 ; 1 Pars. on Cont. 465.) Defendant's payments and renewal notes do not constitute a ratification, for the reason that he did not know of the diversion. (1 Pars. on Cont. 506 ; Wait's Law and Practice, 809 ; *Craim* v. *Colwell*, 8 Johns. 384 ; *Sice* v. *Cunningham*, 1 Cow. 397 ; 1 Pars. on Cont. 285 ; Id. [6th ed.], p. 50, note *h*.) It is immaterial whether plaintiffs as a firm were agents in this matter, or only E. W. Goodwin was the agent, as all the plaintiffs or the firm acted as principals with defendant in transacting this business. (Story on Agency [4th. ed.], § 266 ; *Canal Bk.* v. *Bk. of Albany*, 1 Hill, 287 ; *Baltzen* v. *Nicolay*, 53 N. Y. 470 ; Dunlap's Paley on Agency [4th Am. ed.], 388.) The evidence as to the notes and counter-claim was sufficient for the jury to act upon. (*Adsit* v. *Wilson*, 7 How. Pr. 66 ; *Stillwell* v. *Mutual L. Ins. Co.*, 72 N. Y. 388 ; *Harris* v. *Uebelhoer*, 75 id. 169, 177.) This court has the right to examine the testimony to determine whether there is any evidence to sustain a verdict or finding of fact, and if there is not, it then becomes a question of law, and the court will reverse the judgment. (4 Wait's Pr. 389 ; *Gonzales* v. *N. Y. Harlem R. Co.*, 39 How. Pr. 407 ; *Mason* v. *Lord*, 40 N. Y. 476–484 ; *Wallace* v. *Drew*, 54 id. 678 ; *Hart* v. *Maudle*, 50 id. 381 ; *Sowee* v. *Cornell*, 75 id. 91, 98 ; *Sheldon* v. *Sheldon*, 51 id. 354 ; *Wal-*

*lace* v. *Drew,* 54 id. 678 ; *Thornton* v. *Autenreith,* 55 id. 659.) A note transferred as security for or in payment of a precedent debt does not make the transferee a *bona fide* holder. ( *Weaver* v. *Barden,* 49 N. Y. 293 ; *Turner* v. *Treadway,* 53 id. 650.) A party receiving a note given fraudulently in a compromise of a precedent debt, without surrendering any security, is not a *bona fide* holder. ( *Weaver* v. *Barden,* 49 N. Y. 286, 291– 295 ; *Moore* v. *Ryder,* 65 id. 438.) The pendency of an action for damages is no bar to the setting up of the same demand as counter-claim in a suit afterward against the same-plaintiff in the first action by defendant therein. ( *Wiltsie* v. *Northam,* 3 Bosw. 162 ; *Wright* v. *Ritterman,* 4 Robt. 704 ; *Fuller* v. *Read,* 6 Duer, 697.)

RAPALLO, J. This action was brought upon a promissory note for $520.80, made by the defendant, dated Sept. 2, 1874, payable to the order of the plaintiff, three months after date. The defense set up was that this note had been given as a part renewal of two notes, one for $2,000, and one for $1,900, which nearly three years previously, viz., in December, 1871, the defendant had given to one Sittig, and which Sittig had transferred to the plaintiffs, and which had been from time to time reduced by partial payments to the plaintiffs, and in part renewed. The defendant claimed that he had a good defense to the original notes ; that the payments which he had made thereupon had been made by mistake and in ignorance of his rights, and that he was entitled not only to judgment in his favor on the note in suit, but to recover by way of counter-claim the partial payments which he had from time to time made, as he alleged, to the plaintiffs on the original notes and the renewals thereof.

The action was tried by a jury and the trial resulted in a verdict for the defendant on both issues and a judgment in his favor for his counter-claim, amounting to $3,103.42 and costs.

A motion for a new trial was made by the plaintiffs, on the minutes, and denied, and an appeal was taken by him to the

General Term from the order denying the new trial, and also from the judgment.

The court at General Term held, as appears from the opinion, that the testimony established fully that the payments which had been made on the notes were not made to the plaintiffs; that the counter-claim was not sustained, and should have been rejected, and that the jury in awarding it committed an error. But, instead of awarding a new trial, they directed the judgment to be modified by vacating it so far as it allowed the counter-claim, affirming it in other respects. The judgment was accordingly amended so as to stand as a simple judgment for the defendant.

Both parties appeal to this court. The plaintiffs insist that they were entitled to have a verdict directed in their favor upon the note, and that other errors were committed in rulings upon the trial, which entitle them to a reversal of the judgment against them as plaintiffs. The defendant insists that no error of law was committed; that the order of the General Term, in so far as it was adverse to his counter-claim, cannot be sustained on the ground that the verdict was against the weight of the evidence, but must be presumed to have been made upon questions of law, because the order does not state that it was based upon any question of fact, and consequently the order of the General Term vacating the recovery on the counter-claim should be reversed and the original judgment affirmed.

The counsel for the defendant appellant, in making this point, seeks to apply to the present case the rule applicable to cases tried by referees or by the court without a jury. (Code, § 1338.) This cannot be done. In cases tried by jury there is no necessity that the order of reversal should state whether it was made on questions of law or fact. The facts were properly before the court for review in the present case, and it had the power to reverse the judgment and order a new trial upon the evidence. If it had made the order in that form, its decision would not have been reviewable here; but the peculiar feature is, that the General Term omitted to order a new trial, and its order is in substance an absolute and final reversal of

the judgment recovered by the defendant on the counter-claim. We have examined the evidence and the rulings upon the trial, and find abundant cause for granting a new trial, as well upon the grounds stated in the opinion of Brady, J., as upon others. We agree with him that the evidence is quite convincing that the original notes made by the defendant were transferred by Sittig to Eben W. Goodwin, as agent for Mrs. Chevalier, and not to the firm composed of the plaintiffs, and that the firm did not receive or have the benefit of the payments made thereon; and we also think that in submitting to the jury the question whether the defendant supposed that he was paying to the firm, or had notice that the business of E. W. Goodwin, as agent, was distinct from that of the firm, the court submitted immaterial questions calculated to mislead the jury. The defendant's counter-claim did not arise out of any credit given by him to the firm, in any dealing between him and it, but was simply an alleged equitable right to recover back payments, voluntarily made by him to the holder of negotiable paper which he had issued and put in circulation, on the allegation that such payments had been made under a mistaken belief that he was legally liable upon such paper. The question whether it was held by E. W. Goodwin or by the firm did not affect his belief as to his liability. If he had an equitable right to recover back the payments, such equity existed only against the parties who received and had the benefit of them.

But whether the reversal is founded upon the questions of fact or of law involved, it was a case for a new trial and not for a final judgment. The grounds upon which the counter-claim rests are, it is true, extremely shadowy, but still we cannot say that under the pleadings it would be impossible to present evidence which would require the submission of the claim to the jury. It does not follow, however, that because the General Term went too far in awarding final judgment, its order should be wholly vacated, and the original judgment restored. It was clearly a proper case for awarding a new trial on that issue, and we think the proper course is to modify the order accordingly.

The remaining questions are those arising on the appeal of the plaintiffs.  As to their claim to recover upon the note in suit, the finding of the jury was approved by the General Term, and the judgment cannot be disturbed unless some error of law is shown.

There are numerous exceptions touching this branch of the case, but to render them intelligible a reference to the facts set up by the defendant is necessary.

He called as a witness Eben W. Goodwin, who testified to having received from Sittig, in 1871, the two original notes, made by defendant, one of $1,900, and the other of $2,000, in part renewal of which the defendant claimed that the note in suit had been afterward given.  Goodwin further testified that at the time of the receipt of these notes he was the agent of Mrs. Chevalier, for the sale of an article known as " Chevalier's Life of the Hair."  That he had as such agent sold to Sittig many thousand dollars' worth of that article during the seventeen months preceding the delivery of the notes, and that at that time Sittig was owing on account of such sales a balance of $3,900, and the two notes squared the account, and no sales were made to him afterward.  This proof made out, *prima facie*, that the original notes had been transferred for an antecedent debt, and not upon any new consideration, and the defendant then took the witness' stand and testified as to the circumstances under which he had given the notes to Sittig.  He testified that Sittig, who then owed him about $2,700 for accommodation notes which he had previously lent him, and had paid, came to him and said that he had made an arrangement with Goodwin for a contract for " Life of the Hair," and that if he could get defendant's notes for about four months more he could turn himself, and make $10,000 in twelve or thirteen days and pay defendant back, and also pay what he owed him previously.  That defendant at first refused, but on a repetition of the offer, in presence of others, defendant was persuaded and let him have the notes.  Defendant further testified that Sittig said he had made a contract which he could carry out if he had the notes, but could not do

so without, and that he got them for that purpose. That Sittig gave him nothing for the notes.

What the nature of the contract was that Sittig desired to obtain from Goodwin, or in what manner the notes of the defendant were to be used for the purpose of obtaining the contract, does not appear. There is an entire absence of any explanation of the proposed transaction and of any evidence which negatives the idea that the notes were to be used by Sittig for the purpose of closing up his accrued indebtedness, as a condition of obtaining further credit. It did, however, appear that notwithstanding that the proposed turn did not happen within the twelve or thirteen days, the defendant went on for nearly three years afterward, making part payments on these notes, amounting to upwards of $2,500 and renewing as to the balance.

It appeared in evidence that when the original notes were first transferred by Sittig to E. W. Goodwin they were indorsed by Sittig. That on the renewals the original notes were surrendered and the defendant's notes were accepted without Sittig's indorsement. It also appeared that neither E. W. Goodwin nor the plaintiffs had any notice that the original notes were accommodation notes as between the defendant and Sittig. The court so charged, but also charged that it was not necessary that the plaintiff should know it if such were the fact. Exception was duly taken to this ruling. The defense rests wholly upon the allegation that the original notes were accommodation notes and were diverted from the purpose for which they were loaned and that the plaintiffs gave no new consideration therefor. Assuming that this defense existed as to the original notes in the hands of E. W. Goodwin, yet if upon their renewal he accepted the defendant's note, surrendering the indorsement of Sittig, without notice of the fact that the defendant was an accommodation maker, this made him a *bona fide* holder for value, and assuming that the plaintiffs hold as his transferees, they succeed to the same position. The court was in substance requested to charge to this effect but refused, and distinctly charged that the fact that

none of the plaintiffs had knowledge that the original notes were accommodation notes was immaterial.

At the trial the plaintiffs gave evidence to prove that the note in suit was not a renewal of the notes given to E. W. Goodwin, but was given for cash advanced by them to the defendant to take up one of those notes. That question was submitted to the jury, and it must be assumed that the jury found against them on that issue. But conceding all this, yet if upon the defendant's own theory that the plaintiffs were the transferees of E. W. Goodwin, they were still for any reason entitled to recover, it was error to exclude them from that right. The evidence was that they gave their check to E. W. Goodwin, and this they considered as an advance to the defendant to take up his note; but granting that they were not sustained in this, and that the effect of the transaction was that they became the purchasers of the note held by E. W. Goodwin and succeeded only to his rights, they should not have been precluded from recovering as his transferees if they could show that a transfer from him would give them a right of action against the defendant.

Under the issues upon the record the plaintiffs were at liberty to show any right they might have to recover upon the note in suit; but the court in its charge confined them to the question whether they loaned money to the defendant. This we think was an error.

There are many other exceptions in the case. It is very much confused, but, without going farther, we think that enough has been shown to require that a new trial should be granted on all the issues.

The order of the General Term should be modified so as to reverse the judgment entered upon the verdict and grant a new trial upon all the issues, costs to abide the event.

All concur, except MILLER, J., not voting.

Ordered accordingly.