## RILEY et al. v. BLACK.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. PAROL EVIDENCE—SUPPLYING TERM OF CONTRACT—DECLARATIONS.

In an action for damages for preventing the performance of a contract for the excavation of earth and rock, it appeared that in the contract defendant reserved the right to determine when and where the rock found on his land should be excavated, if at all, and to decide after the uncovering of the rock whether or not to have it removed by plaintiffs. *Held,* that it was competent for plaintiffs to prove defendant's decision by his oral declarations, as the contract did not prescribe the manner in which defendant should manifest his decision.

2. APPEAL—REVIEW—OBJECTIONS WAIVED.

At the trial plaintiffs testified that after the rock was uncovered defendant directed them to proceed if he did not accept a pending offer to sell the land, and that he did not accept such offer; but defendant and one of his witnesses denied that defendant gave plaintiffs' any such direction. After both sides rested, defendant moved for a nonsuit, and then for the direction of a verdict, on the ground that he had an option to terminate the contract, but both motions were denied. *Held,* that defendant by his motions authorized the trial court to decide the facts, and waived his right to have submitted to the jury the controverted question whether or not he directed plaintiffs to proceed; a failure to request the submission of which rendered unavailable defendant's exception to a charge that plaintiffs were entitled to recover.

3. SAME—WEIGHT OF EVIDENCE—POWER OF GENERAL TERM OF CITY COURT.

On appeal from a verdict rendered for plaintiffs in such case, the general term of the city court could not render judgment absolute against plaintiff on appeal, as it had no power to determine the controverted question of fact.

4. MEASURE OF DAMAGES—BREACH OF CONTRACT.

The measure of damages in such case is the difference between the actual cost of the excavation to plaintiffs and the price which defendant agreed to pay.

5. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

A provision of a contract sued on, which was neither interposed as a defense to the complaint nor raised on trial, cannot be raised for the first time on appeal.

Appeal from city court, general term.

Action by William Riley and James O'Leary against Alexander G. Black for breach of contract. From a judgment of the general term of the city court reversing a judgment for plaintiffs entered on a verdict, (16 N. Y. Supp. 206,) plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Samuel E. Duffey* and *John M. Tierney,* for appellants. *Bartlett, Wilson & Hayden, (Philip L. Wilson,* of counsel,) for respondent.

BISCHOFF, J. Plaintiffs entered into an agreement with defendant for the regulating and grading of the latter's land, to excavate and remove earth and rock therefrom, and to erect a stone culvert thereon, for which they agreed to receive, and defendant promised to pay, 25 cents for each cubic yard of earth, and $1.13 for each cubic yard of rock excavated and removed, and $1.50 for each linear yard of the culvert erected. The agreement further provided as follows: "The party of the first part [defendant] reserves the right to determine when and where the rock found on said property shall be excavated, if at all;" and "the party of the first part reserves the right to decide after the rock has been uncovered whether he will have same removed or not, beyond such amount of rock as may be necessary to blast to build the

drain and culvert." The question in controversy relates only to the rock remaining to be executed and removed after the drain and culvert had been erected. Plaintiffs complained that after the rock had been uncovered, and the agreement so far performed on their part that only the rock not required in the erection of the drain and culvert remained, defendant prevented the further performance, and caused such rock to be excavated and removed by others, and they thereupon instituted this action to recover $1,000 damages alleged to have been sustained by them from defendant's breach. On the part of the defendant it was conceded that he remained the owner of the land, that he refused to allow plaintiffs to proceed with the excavation and removal of the rock, and that the quantity subsequently excavated and removed by others employed for that purpose was 2,000 cubic yards; but defendant insisted that, pursuant to the terms of the agreement, and under the particular provisions hereinbefore recited, it was optional with him whether plaintiffs should continue the work of excavating and removing the rock, and that for that reason no breach of the agreement on his part could be predicated upon such refusal and employment.

On the trial it appeared in evidence for plaintiffs, from the testimony of Riley and O'Leary, that two or three days after the removal of the earth, and before the excavation and removal of the rock were proceeded with, they had an interview with defendant, at which he stated that he had an offer for the sale of the land with the rock thereon; that he would require two or three days to consider it, but that, if he concluded not to accept the offer, he desired that they should proceed with the excavation and removal of the rock. Both plaintiffs denied that they were ever notified not to proceed, but admitted that defendant had made efforts to induce them to accept a reduced rate of compensation. It also appeared from Riley's testimony that the actual cost to plaintiffs for the excavation and removal of the rock would have been 60 cents per cubic yard, and this remained wholly uncontroverted. Defendant and Shirley, a witness for him, denied that any interview such as the one related by plaintiffs had taken place, and they further testified that oral notice was given plaintiffs by the defendant to the effect that he did not desire them to proceed with the excavation and removal of the rock. When plaintiffs rested, defendant's counsel moved the dismissal of the complaint upon substantially the same grounds as those upon which the motion was renewed, and a verdict asked to be directed for defendant upon the close of the evidence; but, as any defect in plaintiffs' proof at the time of the first motion was curable by evidence introduced by either party after its denial, (*Road Co.* v. *Thatcher*, 11 N. Y. 102, 112; *Tiffany* v. *St. John*, 65 N. Y. 314, 317; *Painton* v. *Railroad Co.*, 83 N. Y. 7,) it is unnecessary to discuss its merits. Both sides having rested, defendant's counsel renewed his motion for a nonsuit, or, that being denied, asked that the court direct a verdict for the defendant, the only and specific ground for these motions being that, by the agreement in evidence, defendant was at liberty to terminate it, in so far as it related to the excavation and removal of the rock remaining; that he was not precluded from contracting with others for the work; and that a breach of the agreement was not assignable from his refusal to allow plaintiffs to proceed therewith, and the fact that he employed others for that purpose. These motions were severally denied, and due exceptions taken by counsel. The court thereupon charged the jury that plaintiffs were entitled to recover the damages sustained by them from defendant's refusal to permit them to excavate and remove the rock, and also directed the jury to assess the damages at the difference in amount between the actual cost of the work and the sum which defendant had agreed to pay, not exceeding, however, $1,000, the amount claimed in the complaint. To the instruction that plaintiffs were entitled to recover, defendant's counsel excepted, but no request was made, on defendant's behalf, that any question of fact be submitted to the jury for determina-

tion. The jury found for plaintiffs in $1,000, and defendant's counsel moved for a new trial upon the minutes, specifying as the grounds of the motion that the verdict was contrary to law and against the evidence. This motion was denied, and the denial excepted to, and from the judgment entered upon the verdict defendant appealed to the general term, where it was reversed, and judgment absolute directed for the defendant, for dismissal of the complaint. 16 N. Y. Supp. 206.

As the general term of the court below was without power to determine any controverted question of fact, (*Purchase* v. *Matteson*, 25 N. Y. 211; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Cuff* v. *Dorland*, 57 N. Y. 560,) and could render judgment absolute against the plaintiffs only when the facts were undisputed, and they were not entitled to recovery in any aspect of them, (*Stowell* v. *Hazlett*, 57 N. Y. 637; *Foot* v. *Insurance Co.*, 61 N. Y. 571; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Ehrichs* v. *De Mill*, 75 N. Y. 370; *Guernsey* v. *Miller*, 80 N. Y. 181; *Goodwin* v. *Conklin*, 85 N. Y. 21, 26; *Capron* v. *Thompson*, 86 N. Y. 418, 421; *Gawthrop* v. *Leary*, 89 N. Y. 622,) it is conclusively apparent from the judgment of reversal, and without reference to the opinion, that it proceeded from the construction of the agreement that plaintiffs were not thereby absolutely entitled to excavate and remove the rock until defendant had decided or determined that it should be done by them, and that he was thus at liberty to cause the work to be performed by others without rendering himself amenable to plaintiffs for a breach of his agreement. This view is confirmed by the opinion of the general term below.

We concur in the result reached as to the proper construction of the agreement, but are yet constrained to reverse the judgment of the general term below as erroneous. It appeared in evidence by the testimony of both plaintiffs that the event upon the happening of which the agreement was to become effective, as against the defendant, in so far as it related to the excavation and removal of rock,—his decision or determination that plaintiffs should proceed therewith,—had taken place. These witnesses had testified that they were directed by defendant to proceed if he did not accept a pending offer for the sale of the land. It was conceded that the land was not sold, and, though defendant and his witness, Shirley, denied that any such directions were given, the conflict of evidence thus ensuing presented a question of fact, which, if determined in plaintiffs' favor, bound defendant to the further performance of the agreement on his part. The agreement did not prescribe the manner in which defendant should manifest his decision or determination, and it was therefore competent to establish it by his oral declarations. To some extent, at least, plaintiffs were corroborated by the conceded fact that the defendant caused the rock to be excavated and removed by other parties. Upon this evidence it would have been proper for the defendant to have asked that the question of fact, whether or not he did decide and determine to have the rock removed by plaintiffs, be submitted to the jury. His right to have it so submitted, however, was waived by his motion for a nonsuit and the direction of a verdict in his favor, (*Cook* v. *Bank*, 52 N. Y. 96; *Colligan* v. *Scott*, 58 N. Y. 670; *McCall* v. *Insurance Co.*, 66 N. Y. 505; *Ormes* v. *Dauchy*, 82 N. Y. 443;) and the exception to the instruction to the jury that plaintiffs were entitled to recover, without requesting the submission of any disputed question of fact, is unavailable, (*Probst* v. *Delamater*, 100 N. Y. 266, 3 N. E. Rep. 184; *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795; *Mayer* v. *Dean*, 115 N. Y. 556, 22 N. E. Rep. 261.) Defendant's several motions authorized the trial judge to decide the facts, (*Kirtz* v. *Peck*, 113 N. Y. 222, 21 N. E. Rep. 130;) and, for the purposes of a review of the judgment on appeal, every fact of which there is sufficient evidence to support it must be assumed to have been found by the trial judge for the plaintiff, (*Sutter* v. *Vanderveer*, 122 N. Y. 652, 25 N. E. Rep. 907.)

Thus we have the fact that subsequent to the making of the agreement defendant did decide and determine to have the rock removed, and directed plaintiffs to proceed therewith; and, that being so, defendant was answerable in damages for his subsequent refusal to allow plaintiffs to continue the work.

No question is raised upon the brief of counsel for respondent concerning the measure of damages applied on the trial, but reference thereto was made on the argument of this appeal. Upon examination, however, we see no error in that respect. The trial judge instructed the jury that the damages must be assessed at the difference between the price which defendant had agreed to pay and what the cost would have been to the plaintiffs if they had been permitted to proceed with the work of excavating and removing the rock. No exception was taken thereto, and the instruction is in harmony with the rule approved in *Manufacturing Co.* v. *Stephens,* (N. Y. App.) 28 N. E. Rep. 411, and the cases there cited.

We observe that the respondent on this appeal seeks to invoke the aid of the following provision of the agreement in evidence in support of the judgment appealed from, viz.: "They [plaintiffs] will not ask, demand, sue for, or recover, for the entire work, any extra compensation, beyond the amount payable for the several classes of work in this contract enumerated, which shall be actually performed, at the prices therefor herein agreed upon and fixed." While we do not perceive the relevancy of this provision to the question in controversy, any point sought to be made thereby is sufficiently disposed of by the fact that the provision was not among the defenses interposed to the complaint or raised on the trial, and cannot be raised for the first time on appeal, *Codd* v. *Rathbone,* 19 N. Y. 37; *New York Cent. & H. R. R. Co.* v. *City of Rochester,* 127 N. Y. 591, 28 N. E. Rep. 416; *Cohn* v. *Goldman,* 76 N. Y. 284; *Mead* v. *Shea,* 92 N. Y. 122. Nor was the effect of this provision urged as a ground of the several motions, to the denial of which exception was taken. *Cruikshank* v. *Gordon,* 118 N. Y. 178, 186, 23 N. E. Rep. 457; *Langley* v. *Wadsworth,* 99 N. Y. 61, 1 N. E. Rep. 106; *Schile* v. *Brokhahus,* 80 N. Y. 614. The conclusion reached by us is that the judgment of the general term of the court below should be reversed, with costs, and the judgment and order of the trial term affirmed. All concur.