BLACKWELL *v.* BAINBRIDGE *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. APPEAL—DISMISSAL OF COMPLAINT.
    It is error for the court on appeal from a judgment in favor of plaintiff to dismiss the complaint and render judgment absolute for defendant when it is not certain that plaintiff might not recover on another trial.

2. COSTS—LIABILITY OF SURETIES—PARTIAL PAYMENT OF JUDGMENT.
    Partial payment on a judgment does not entitle the sureties on an undertaking for costs to a *pro rata* abatement of their liability.

Appeal from city court, general term.

Action by Frank E. Blackwell against John C. Bainbridge and another on an undertaking for costs given on a stay pending a motion for a new trial. From an order and judgment of the general term of the city court reversing a judgment for plaintiff at the trial term, and directing a dismissal of the complaint and judgment for defendants, (19 N. Y. Supp. 681,) plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Wm. C. Timm* and *Frank E. Blackwell,* for appellant. *David Leventritt* and *James W. Monk,* for respondents.

PRYOR, J. In dismissing the complaint and rendering absolute judgment for the defendants the general term of the court below committed undeniable error; for it is not certain that the plaintiff might not recover on another trial, and in such case another trial is his legal right. *Guernsey* v. *Miller,* 80 N. Y. 181; *King* v. *Barnes,* 109 N. Y. 267, 283;[1] *Foot* v. *Insurance Co.,* 61 N. Y. 571; *Capron* v. *Thompson,* 86 N. Y. 418, 421; *Gawthrop* v. *Leary,* 89 N. Y. 622; *Goodwin* v. *Conklin,* 85 N. Y. 21, 26; *Whitehead* v. *Kennedy,* 69 N. Y. 462. It follows, therefore, that the judgment of the general term must be reversed; but whether the judgment on the verdict should be affirmed depends upon the absence of error against the defendants on the trial of the cause.

The action is against sureties on an undertaking for costs in a proceeding in the United States circuit court for the southern district of New York, and the defense apparent on the trial is substantially a denial of nonperformance of the undertaking, an accord and satisfaction between the creditors and principal debtors, and a release of the sureties by a suspension of the right

[1] 16 N. E. Rep. 332.

of the creditor to enforce his claim against the principal debtor. The undertaking is coupled with a condition of defeasance, namely: "If said report is vacated, set aside, or a new trial granted, this undertaking to be void, and of no effect." The order requiring the undertaking, and the recitals of the undertaking, exhibit that it was given to stay judgment pending a motion to set aside the report of the referee, and for a new trial in the federal court action. The concession is that the motion has not been made, and, consequently, that the report has not been set aside, nor a new trial granted; but the defendants maintain that the motion is still available; that the order upon the motion, if made, may set aside the report, and award a new trial, and that so the undertaking may yet be avoided. We are of the opinion that the proposition is untenable. The contention of the plaintiff is that, since the undertaking was ordered for no other purpose than to effect a stay of judgment pending a motion for a new trial, and judgment for costs as well as the principal debt has been duly entered, and a motion to stay its enforcement has been denied upon the express ground that, being regularly entered, it cannot be set aside, avoidance of the undertaking by performance of the condition of defeasance is now a legal impossibility, and that so the action is well brought. And such is our conclusion; but, as the point was ruled in favor of the plaintiff on the trial, and is not challenged in the able opinion of the general term below, we are dispensed from argument in its support. There has been no satisfaction of the judgment in the federal court,—an accord, but not a satisfaction; for the agreement between the parties to the judgment was that it should be satisfied only by payment of the $5,000,—a condition not yet performed,—and the release was placed in escrow to take effect only on the fulfillment of that condition.

Appellants contend, further, that, in any event, the agreement operates, during its pendency, to prevent execution of the judgment and collection of the debt for which they are sureties, and that so they are discharged from liability to the plaintiff. Assuming the agreement to be upon a sufficient consideration, still its effect is not to suspend execution of the judgment; so far the contrary, that it makes express provision for proceedings in its enforcement pending the agreement.

Partial payment upon the judgment does not entitle these defendants, sureties on an undertaking for costs, to a *pro rata* abatement of their liability. *Ives* v. *Bank*, 12 How. 159; *Babbitt* v. *Finn*, 101 U. S. 7; *Wood* v. *Fisk*, 63 N. Y. 250. No error having occurred on the trial of prejudice to the defendants, it results that the judgment on the verdict must be affirmed.

Judgment of the general term reversed, and judgment of the trial term affirmed, with costs.