JOHN F. SMYTH, as Superintendent, etc., Respondent, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY, Impleaded, etc., Appellant.

H. executed a bond and mortgage to a life insurance company by whom it was assigned to the superintendent of the insurance department. The assignment was accompanied by, and was accepted by the superintendent upon the faith of a writing signed by H., consenting to the assignment, and certifying that the amount secured by the mortgage was unpaid, and that there was " no off-set to or legal or equitable defense against the same." The assignment was duly recorded. Subsequently H. sold and conveyed the premises covered by the mortgage to N., who conveyed a portion thereof to McC. About the time of the conveyance to McC. the insurance company executed and delivered to N., he having no knowledge of the assignment, a release of that portion of the mortgaged premises conveyed to McC. Defendant, the K. L. I. Co., in reliance upon the release, made a loan to McC., secured by mortgage on the premises so conveyed to her. In an action to foreclose the mortgage executed to the superintendent, the K. L. I. Co. set up and offered to prove an oral agreement between H. and his mortgagee at the time his mortgage was executed, that upon the completion of a dwelling-house then being erected on the mortgaged premises that portion conveyed to McC., should be released, and that the release was executed in pursuance thereof. This was objected to and excluded. *Held*, no error; that the release was void, as the record of the assignment was constructive notice to subsequent purchasers of the mortgaged premises; and that H. and those deriving title under him were estopped from proving the agreement.

(Argued March 10, 1881; decided March 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 10, 1880, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 21 Hun, 240.)

This action was brought by plaintiff, as superintendent of the insurance department of the State of New York, to foreclose a mortgage executed by defendant Hall and wife, to the Mutual Protection Life Assurance Society, on June 29, 1871. The mortgage and accompanying bond were assigned in October 1871, to the then superintendent of said department to be held by him under the insurance act, as security for the policy-hold-

ers of the mortgagee. The securities were accepted by said superintendent upon the faith of a written instrument executed by the mortgagor wherein he consented to the assignment and certified and agreed as follows : "That there is now unpaid and due or to become due on said bond and mortgage the principal sum of $9,000, with interest thereon from June 29, 1871, and that there is no off-set to or legal or equitable defense against the same."

The further material facts appear in the opinion.

*Henry W. Johnson* for appellant. The record of an assignment of a mortgage is constructive notice only to subsequent purchasers of the same mortgage. (*Campbell* v. *Vedder*, 3 Keyes, 178; *Purdy* v. *Huntington*, 42 N. Y. 348; *Trustees of Union College* v. *Wheeler*, 61 id. 88; *Greene* v. *Warwick*, 64 id. 227; *Crane* v. *Turner*, 67 id. 440; *Bryan* v. *Judson*, 10 Wk'ly Dig. 515; 22 Alb. L. J. 295.) The law imposes no obligation, therefore, upon any one except purchasers of a mortgage to examine the records to ascertain whether it has been already assigned. (*James* v. *Morey*, 2 Cow. 296; *Reed* v. *Marble*, 10 Paige, 413; *New York Life Ins. and Trust Co.* v. *Smith*, 2 Barb. Ch. 84; *Washburn* v. *Burnham*, 63 N. Y. 135; Wade on the Law of Notice, 61.) The fact that a portion of a contract has been reduced to writing shall not preclude evidence of the entire contract, of which the written instrument is only a part. (*Hope* v. *Balen*, 58 N. Y. 380; *Hutchins* v. *Hibbard*, 34 id. 24; *Hope* v. *Smith*, 35 N. Y. Super. Ct. 458; *Unger* v. *Jacobs*, 7 Hun, 220; *Drew* v. *Buck*, 12 Hun, 267; 1 Greenl. Ev., §§ 284, 304; *Lewis* v. *Seabury*, 74 N. Y. 409; *Van Brunt* v. *Day*, 8 Abb. N. C. 336.) The certificate made by Hall, the original mortgagor, at the time of the assignment to the respondent did not estop defendant. (*Crane* v. *Wheeler*, 67 N. Y. 440; *Westbrook* v. *Gleason*, 79 id. 30.)

*M. D. Grover* for respondent. The referee properly excluded evidence of the verbal agreement made at the time of executing the bond and mortgage mentioned in the complaint, that

the mortgage therein named should release a portion of the mortgaged premises when certain buildings were erected, etc., and that the consideration of the release mentioned was the completion of said buildings. (*Austin* v. *Sawyer*, 9 Cow. 39; *Sinclair* v. *Jackson*, 8 id. 543; *Stevens* v. *Cooper*, 1 Johns. Ch. 425; 8 Johns. 192; 18 id. 45; 5 Cow. 173; 12 Wend. 61; 1 Sandf. Ch. 34; *Hope* v. *Babylon*, 58 N. Y. 380; *Hutchens* v. *Hubbard*, 34 id. 24; *Unger* v. *Jacobs*, 7 Hun, 220; *Cox* v. *Barker*, 49 N. Y. 107; 4 Hill, 643; *Halliday* v. *Hart*, 30 id. 474; *Chamberlain* v. *Bradley*, 101 Mass. 188; *Younge* v. *Gilbeau*, 3 Wall. 636.) The finding of the referee, that such release did not cut off or in any way impair the lien of the mortgage mentioned in the complaint, is correct. (*Mut. L. Ins. Co.* v. *Wilcox*, 55 How. 43; *St. John* v. *Spaulding*, 1 T. & C. 483; *Belden* v. *Meeker*, 2 Lans. 470, 474; 47 N. Y. 308, 312; *Van Derkemp* v. *Shelton*, 11 Paige, 29.) The insurance department having taken the mortgage and relied upon Hall's representation, and countersigned registered policies on the faith of the deposit, and the Mutual Reserve Life Insurance Company having become insolvent, Hall was estopped from claiming any thing under said agreement, and defendant, claiming from or under Hall, can have no higher or other equities than he had. (*Smyth* v. *Lombardo*, 15 Hun, 476; *First Nat. Bank of Corry* v. *Stiles*, 22 id. 340.) The rule, that an assignee of a mortgage takes it subject to the latent equities in favor of an assignor, relates only to those equities which are not without the scope of the recording act, and against which subsequent purchasers in good faith are protected. (*Green* v. *Warnick*, 67 N. Y. 220, 227; *Union College* v. *Wheeler*, 61 id. 88.)

MILLER, J. This case involves a question as to the priority of mortgages as liens upon mortgaged premises, which has been the subject of frequent consideration in this court, and in some very late decisions. The plaintiff's mortgage, which is the subject of foreclosure in this action, was assigned by the mortgagee to the superintendent of the insurance department

and attached to the assignment. The mortgagor, one Hall, by an instrument in writing, consented to the transfer, and did thereby certify and agree that the principal and interest were due upon the mortgage, and that there was no off-set or equitable defense against the same, and these papers with the bond and mortgage were delivered to the superintendent of insurance, and accepted by him upon the faith of the statements of the mortgagor, and in reliance upon their truth. The assignment was duly recorded. The mortgaged premises were afterward conveyed by the mortgagor who executed the mortgage now held by the plaintiff, to one North, and a portion thereof was conveyed by North and wife to one Agnes McCord, who executed to defendant, the Knickerbocker Life Insurance Company, a mortgage upon the same. At or about the time of the conveyance to McCord the plaintiff's assignor executed and delivered to North, who had no knowledge of the assignment of the mortgage to the plaintiff, a release from the operation of the lien of the mortgage executed by Hall of the portion of the premises conveyed by North and wife to Agnes McCord, and the defendant in reliance upon the release paid over to the mortgagor the sum agreed to be lent to her.

It was set up as a defense to the action that there was no agreement between the mortgagor and the mortgagee, at the time of the execution of the bond and mortgage mentioned in the complaint; that upon the completion of the erection of a dwelling-house then in progress that portion of the mortgaged premises covered by the defendant's mortgage should be released, and that the assignor of the mortage held by the plaintiff did release the same from the lien of the mortgage; and various offers of evidence were made to establish such defense, which were excluded by the court and exceptions duly taken to the rulings.

The controversy in this action must be determined upon the effect to be given to the recording of the assignment of the mortgage to the plaintiff under the circumstances narrated. The court upon the trial found as a conclusion of law, that the release was void and of no effect and did not release or discharge or in any way affect or impair the lien of the plaintiff's

mortgage on the premises covered by the mortgage to the defendant. It also found that the lien of the plaintiff's mortgage was prior to the lien of the mortgage to the defendant as to that part which is covered by the mortgage executed and delivered to the defendant.

This result, we think, is fully sustained by the facts presented, and is supported by authority. The appellant claims that the record of an assignment of a mortgage is constructive notice only to a subsequent purchaser of the same mortgage; that as to purchasers of the mortgaged premises no presumption is to be indulged that if the assignment is recorded they have become apprised of the fact, and that not being bound to examine the records, the law will not presume that they have examined them; and numerous authorities are cited to support the doctrine contended for. While it is no doubt true that there are *dicta* in some of the reported decisions which tend to uphold the position contended for, in the development and progress of the law as to this class of questions, the more recent decisions do not uphold such a rule in the broad and comprehensive sense which is claimed. We do not deem it necessary to examine in detail the authorities cited and relied upon by the defendant's counsel, and it is sufficient to say that the very latest adjudication of this court settles the question now presented, beyond any controversy. In the case of *Decker* v. *Boice*, decided by this court December 14, 1880,* the authorities are reviewed and considered, and a conclusion arrived at which is adverse to the claim of the appellant's counsel, under a state of facts of a similar character to those here presented. It appeared in the case cited that four mortgages were executed upon the purchase by the mortgagor from the several mortgagees of their interest in certain lands therein described. Two of these mortgages were assigned, and the mortgages and the several assignments thereof were placed on record, and upon a statutory foreclosure sale under the same, the plaintiff acquired title and brought an action for a parti-

---

* 83 N. Y. 215.

tion of the lands.   The other two mortgages were not assigned or placed on record.   The controversy turned upon the effect to be given to the recording of the assignments of the mortgages, upon the foreclosure of which, the plaintiff purchased, and the court at Special Term held that the assignees were purchasers in good faith and for a valuable consideration, without notice of the mortgages held by the defendants.

It was also held that the four mortgages being executed at the same time, each mortgagee having notice of the other mortgages, and the mortgagees having mutually agreed that neither should have priority over the other, but that all should be equal liens on the premises, that no priority was acquired by the holders of the mortgages by having them first recorded, because each had notice, when the mortgages were executed, and being executed simultaneously the holders of the mortgages recorded were not subsequent purchasers, and the recording acts had no application as between them.   Nor did the assignees acquire any priority from the fact that the assigned mortgages were recorded when they took the assignments, or because they had no notice, when they purchased, of the existence of the other mortgages.   It decided also that the general rule, that the purchaser of a chose in action must abide the title of the person from whom he buys, and takes subject to the equities of the debtor and the latent equities of third persons, applies to the assignees of a mortgage, and they are affected by such equities, although they purchased without notice, and the fact that the mortgages are recorded does not aid them, for the reason that under the recording act an assignee of a recorded mortgage gets no preference over an unrecorded mortgage, when the mortgagee or assignee could not claim it in consequence of his having had notice or by reason of any other equity; but that under the recording act an assignee of a mortgage is by the express terms of the recording act a purchaser, and both the mortgage and the assignment, if in writing, are conveyances within the act. The authorities bearing upon the question are considered and discussed, and it is said by ANDREWS, J., that the declaration

in 1 Revised Statutes, 756, § 1, "that an unrecorded conveyance shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, when the conveyance shall be first recorded, includes in the term purchaser an assignee of a mortgage, and makes the assignment a conveyance of the same real estate, or a portion thereof, included in the unrecorded instrument;" and it is laid down, that "under the recording act an assignee of a mortgage may, as against a prior unrecorded mortgage, acquire a better right than was possessed by his assignor," and the right of the assignee to priority over the unrecorded mortgages was upheld. It will be seen that the equities in the case cited were similar to those existing in the case at bar, as in both cases the assignee had no notice of such equities, and the same principle is invoked. The case cited is directly in point, and decisive upon the question considered, without looking at numerous other authorities which are relied upon by the defendant's counsel. This is the fact, even if it be assumed that there was an agreement at the time of the execution of the bond and mortgage that a portion of the premises should be released, as set up in the answer and as was offered to be proved upon the trial, as such agreement could not affect the rights of the parties under the recording act. If the conclusion arrived at is correct, then the various offers of evidence made by defendant's counsel to establish the agreement set up in the answer were immaterial, and if proved would not affect the plaintiff's claim.

It also follows that there was no error either in the conclusions arrived at by the referee or in any of the rulings upon the trial, and the judgment should be affirmed.

All concur, except RAPALLO, J., absent, and FINCH, J., not voting.

Judgment affirmed.