FREEMAN v. GRANT.

(*Supreme Court, General Term, First Department.* February 14, 1890.)

1. CONVERSION—SEIZURE UNDER EXECUTION.
   Prior to the execution of an assignment for benefit of creditors, the sheriff received two executions against the assignors under which he levied on their stock and sold part of it. After the assignment, and while a surplus realized from the sale was in the sheriff's hands, and he was in possession of a part of the assigned stock, other executions came into his hands. To relieve the stock from the levies, the assignee paid the sheriff a sum of money which, with the surplus then in his hands, made up the amount of these other executions; and he then released his levy. *Held*, that there had been no conversion of the property by the sheriff.

2. SAME—AMENDMENT—NEW CAUSE OF ACTION.
   The action, as brought, was for the conversion of particular personal property. At the trial, plaintiff applied for leave to amend the complaint by inserting the word "money" along with personal property, and for leave to go to the jury on the question of the conversion of the surplus. *Held*, that the motion was properly denied on the ground that the amendment introduced a new and separate cause of action.

Appeal from circuit court, New York county.

Action for conversion by John C. Freeman, as receiver, etc., of the firm of Kaughran & Co. against Hugh J. Grant, sheriff of the city and county of New York. The court dismissed the complaint, and from the judgment thereupon entered plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Kopper & Jenks,* (*John B. Green,* of counsel,) for appellant. *Cockran & Clark,* (*W. Bourke Cockran,* of counsel,) for respondent.

VAN BRUNT, P. J. The complaint in this action alleged that Kaughran and Barrett were copartners, composing the firm of Kaughran & Co., doing business in the city of New York, and that they were the owners, and in possession, of certain personal property; that in January, 1886, the said firm made an assignment, for the benefit of creditors, to one Miles O'Brien, who duly accepted the assignment, and took possession of the assigned property; that in the same month such proceedings were had in the court of common pleas that an order was made removing the said O'Brien as assignee, and providing that Henry R. Hoyt be substituted and appointed in his place and stead, upon giving a bond, but that Hoyt never qualified; that in November, 1886, in an action brought in the supreme court, wherein one Faulkner was plaintiff, and Kaughran and others defendants, an order was made appointing the plaintiff receiver of the estate of said firm of Kaughran & Co., and whereby said O'Brien was directed to turn over said assigned estate to the plaintiff; and that the plaintiff duly qualified, and entered upon his duties as receiver. The complaint then alleges that between January and February, 1886, and during the time said assigned property was in possession of O'Brien as aforesaid, the defendant in this action, the sheriff of the city and county of New York, wrongfully and unlawfully took from the possession of said O'Brien, and carried away, a large quantity of such goods and property so held and owned by said O'Brien as such assignee, of the value of $19,385.12,

against the protest of said O'Brien, and converted the said property to his own use, to the damage of the said assigned estate and the plaintiff in the above amount. The complaint further alleged that the defendant refused to pay said sum, although payment had been duly demanded; and judgment is demanded for the said amount. The defendant, by his answer, alleged that he was the sheriff of the city and county of New York, and that there came into his possession certain executions issued upon judgments obtained against the members of the firm of Kaughran & Co., and that by virtue of said executions he levied upon said property, and took the same into his custody, and that the said levy and taking as aforesaid constituted the alleged conversion and grievance mentioned in the complaint. The answer further alleged that the assignment made by Kaughran & Co. to O'Brien, for the benefit of creditors, was made with intent to hinder, delay, and defraud the creditors of said Kaughran & Co. Upon these pleadings the case came on for trial, and it was proved that when the assignee went to the place of business of Kaughran & Co. he found the sheriff in charge. He made a demand upon the sheriff for the property, which was refused; and the goods were afterwards sold by virtue of executions held by the sheriff. Among other executions in the sheriff's hands were those in favor of Claflin & Co. and John E. Kaughran, to the amount of $48,000; and sales were made under those executions of goods to the value of $10,864.44 in excess of those executions. The legality of these sales is not attacked. While this surplus was in the sheriff's hands after the assignment, and while he was still in possession of part of the assigned stock remaining unsold, other executions came into the defendant's hands amounting to about $20,000. The assignee, desiring to relieve this stock from the levy, in order that he might sell it himself, entered into an arrangement with the sheriff whereby he paid to him the sum of $9,000; and this, added to the $10,864.44 which the sheriff already had, being the surplus realized under the Claflin & Kaughran judgment, made up the entire amount claimed by the sheriff, and he then released his levy. Upon this state of facts, the court dismissed the complaint, upon the ground that there had been no conversion of the property in question; and from the judgment thereupon entered this appeal was taken.

It has been seen from the complaint that this action was strictly one of conversion; and it seems to have been thought that the sheriff, because of the demand made by the assignee in January, had converted the goods upon which he had made a levy. It appears from the evidence that before the assignment had been executed the sheriff had received two executions, both of which were admitted to have been lawful and valid executions. The amount of these executions was about $48,000. Under these two executions the sheriff had levied upon all the personal property belonging to the assignors, and while he was holding the same under these concededly valid levies the demand was made for the property. Subsequently the defendant sold between $50,000 and $60,000 worth of property, realizing enough to satisfy them, and to leave in his hands a surplus of $10,864.44. Up to this time it seems to be clear that the sheriff had done nothing but that which he was authorized to do by the existence of the judgments and executions which he was called upon to satisfy out of the property of the firm of Kaughran & Co. Subsequent to the assignment, and before the sale, the sheriff had received other executions; and it was for the purpose of relieving the property from the levy of these other executions that the $9,000 in money was placed in his hands, and the property surrendered by him to the plaintiff. It would seem, therefore, that there had been no conversion whatever of the property by the sheriff, but, upon the contrary, he had surrendered it to the assignee, who was entitled to its possession. The most that could be said is that the sheriff had exacted from the assignee the $9,000, which the latter had been compelled to pay under the duress of these executions. This was by no means a conversion of the

property by the sheriff, as alleged in the complaint; and, if the plaintiff has any remedy at all, as against the sheriff, because of the receipt of this money, it is in an action of an entirely different character, and for a different relief than is claimed in the action at bar, which is for damages for the conversion of property which the sheriff had in fact surrendered to the receiver, except so far as he had sold the same under valid executions, and in respect to which he was in no manner a tort-feasor.

Applications were made upon the part of the plaintiff to amend the complaint by inserting the word "money" along with personal property, and also to amend the complaint to conform to the proof, on any terms that the court might impose, and for leave to go to the jury upon the question of the conversion of the $10,864.44, the surplus, and for leave to withdraw a juror, so as to apply to the special term for proper relief. All these motions were denied by the court, upon the ground that no amendment of the complaint could be made which would not introduce a new and separate and distinct cause of action. The action as brought was for the conversion of particular personal property. What was sought to be reached by means of the amendment was money in the hands of the sheriff, $10,864.44 of which he had rightfully received, as the proceeds of the sale of the very property which it was alleged he had converted. It is clear that no amendment could be made to introduce this new cause of action, which had no bearing or relation to that which had already been set out in the complaint. We cannot see that the court could have done otherwise, upon this condition of the proof; and the judgment appealed from should be affirmed, with costs. All concur.