Julia Frear, Appellant, *v.* Franklin Sweet et al., Respondent.

While parties to an action have a right to limit the issues to be tried to those made by the pleadings, they are not bound so to do, but may by mutual consent try any other issues.

An appellate court in reviewing such a case is only called upon to determine whether the parties have consented to try the substituted issues, and if so whether the decisions of the trial court upon those issues are according to law.

In the absence of amended pleadings or of a written stipulation the appellate court may infer the consent to try such substituted issues from evidence offered upon the one side and the absence of objections, or the character of the objections upon the other.

By virtue of a mutual agreement between A., B., and C., and as parts of the same transaction, A. conveyed to B. certain lands, the latter giving back a mortgage to secure part of the purchase-price. B. conveyed a portion of the land to C. with covenant of quiet enjoyment, who paid the purchase-price in cash. This was included in and was part of the cash payment made to A., and he executed a release of that portion from the mortgage. C. immediately went into possession of the portion deeded to him, built a residence thereon, and thereafter occupied it, but did not record his deed or the release until after the mortgage and several assignments thereof were recorded, but before the recording of the assignment to plaintiff. In an action to foreclose the mortgage, *held* (Follett, Ch. J., and Vann, J. dissenting), that C's portion was sold free from the mortgage before its execution and was never in reality included therein or subjected to the lien thereof; and that, therefore, the record-

ing acts did not create a lien and were in nowise involved; also that because of the covenant in the deed from B. to C., the former, so far as related to the portion conveyed had an interest to protect by way of defense to the mortgage, and such defense was available both to him and his grantee; and that the several assignees of the mortgage took it subject to the equities between the original parties, and so, subject to this defense.

Also, *held*, that, although C's deed was not recorded until after the recording of the assignments, his possession and occupancy was notice of his rights to the assignees.

After a witness had detailed, without objection, the facts as to the agreement and the transaction between the parties, he was asked as to whether the execution and delivery of the deed from A. to B., of the bond and mortgage from B. to A., of the deed from B. to C., the payment of the consideration by C. and its payment to A. as part of the cash payment made by B., and the execution and delivery of the release by A. to C. were not simultaneous acts "made at the same time and place and one and the same transaction;" this was objected to as calling for a conclusion of law and improper; the objection was overruled. *Held*, no error justifying a reversal, as it had already been proved, without objection, that the various acts referred to were done at the same time and place.

(Argued December 13, 1889 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1886, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendant, Franklin Sweet, to Francis Creed, bearing date May 1, 1873, to secure the payment of $2,000, in five years thereafter, said sum being a part of the sum of $2,500, the purchase-price of a farm or a lot of land at that time conveyed by said Creed to said Sweet.

The mortgage was duly recorded in the proper office on the seventh day of May following, and was assigned to and became the property of the plaintiff through several mesne assignments, on the 9th of April, 1881; his assignment was recorded in the proper office on the 5th day of May, 1886.　The inter-

mediate assignments were duly recorded directly after they were respectively executed. At the time of the giving of the deed and mortgage between Creed and Franklin Sweet, the latter executed a deed of five acres of the land described in the deed and mortgage to the defendant, Clement Sweet, and said Creed released the same from the lien of said mortgage; the said Clement at the same time paying therefor $150, the entire price, which was included in and went to make up a part of the $500 paid to Creed towards the purchase-price of the land described in the deed and mortgage. The defendant Clement Sweet, immediately after such purchase of the five acres, built a house thereon and occupied the same with his family until the trial of this action.

The deed of the five acres and the release were not recorded till June 24, 1882, which was subsequent to the time of recording the several assignments of the mortgage, save the assignment to the plaintiff. The assignors of the mortgage to the plaintiff purchased and paid for it the amount owing thereon, without any notice of the release, and in entire good faith, believing that the lien of the mortgage covered all the lands described in it, including the five acres in controversy.

The complaint, after setting forth the matters above stated (except those in relation to the release), asked for a decree of foreclosure and sale of the premises described in the mortgage, including the five acres owned by the defendant, Clement Sweet. His answer alleged that the mortgagor, Creed, had released the five acres from the lien of the mortgage before he assigned it, and asked to have the same excepted from the judgment of sale.

The trial court decided that the five acres were not subject to the mortgage, and directed a sale of the remainder of the mortgaged premises only. The plaintiff appealed to the General Term from that portion of the judgment which excepts out of the premises to be sold, the five acres referred to.

Further facts appear in the opinion.

*W. Farring* for appellant. The release was invalid. (1 R.

S. 738, § 137; *M. L. Ins. Co.* v. *Wilcox*, 55 How. Pr. 43; *St. John* v. *Spaulding*, 1 T. & C. 483; *Gentner* v. *Morrison*, 31 Barb. 155; *Chamberlain* v. *Sprague*, 86 N. Y. 603.) The instrument did not take effect as a release against subsequent purchasers and incumbrances. (*Chamberlain* v. *Sprague*, 86 N. Y. 603.) But aside from other considerations the release was of no force against this mortgage because of the recording act. *M. L. Ins. Co.* v. *Wilcox*, 55 How. Pr. 43; *St. John* v. *Spalding*, 1 T. & C. 483; 1 R. S. 762, § 37; *Westbrook* v. *Gleason*, 79 N. Y. 215; *Decker* v. *Boice*, 83 id. 215; *Smith* v. *K. L. Ins. Co.*, 84 id. 589; *Bacon* v. *Van Schoonhoven*, 87 id. 446; *Viele* v. *Judson*, 82 id. 32; *Trustees, etc.*, v. *Wheder*, 61 id. 88; *Green* v. *Warwick*, 64 id. 220; *Crane* v. *Turner*, 67 id. 437; *Westbrook* v. *Gleason*, 79 id. 23; *Smyth* v. *K. L. Ins. Co.*, 84 id. 389. It was not necessary that plaintiff's assignment should be recorded, or that she should take the mortgage without notice, in order that she should be protected from the release. (*Page* v. *Warring*, 76 N. Y. 463; *Wood* v. *Chapin*, 13 id. 509.) The rule of constructive notice by possession does not apply to the assignee of a prior mortgage, because the natural inference in such a case is, that the occupant is holding subject to the mortgage. (*M. L. Ins. Co.* v. *Wilcox*, 55 How. Pr. 43.) The defense in the answer rests entirely on the release, and the defendant cannot now set up an entirely different defense. (*Smyth* v. *K. L. Ins. Co.*, 84 N. Y. 589.)

*Esselstyn & McCarty* for respondents. The original mortgagee never had a right to foreclose this mortgage as to the five acres; and no assignee from or through her could acquire any greater right than she had. (*Westbrook* v. *Gleason*, 79 N. Y. 23; 61 id. 88; 64 id. 220; 67 id. 437.)

POTTER, J. From the matters alleged in the pleadings, an appellate court would expect that the issue tried would have been, whether the five-acre piece of the lands had been released from or was still subject to, the lien of the mortgage

and that the findings of the trial court would have indicated a decision of that question. But it will be observed upon reference to the findings in this case, that the trial court did not decide the issue made by the pleadings, but decided quite another and different issue, and that is, that the five-acre piece was not and never was subject to the lien of the mortgage. While parties have the right to try the issues made by the pleadings, yet they are not bound to, but may try any other issue by mutual consent. The pleadings in such cases serve to show what was once in the minds of the pleaders and what the parties had the right to try, if so disposed, and perhaps the further purpose of constituting a part of the judgment-roll, as the Code of Practice requires that the judgment-roll should contain the pleadings. The court, in reviewing such cases, is only called upon to determine whether the parties have consented to try the substituted issues and whether the decisions of the court upon the new issue are according to law.

In the absence of amended pleading or of stipulation, the court of review must infer the consent to try issues from the evidence offered upon the one side and the absence of objections or the character of the objections, if any are made, upon the other side. (*Marston* v. *Gould*, 69 N. Y. 220; *Platner* v. *Platner*, 78 N. Y. 95; *Walsh* v. *Wash. Ins. Co.*, 32 N. Y. 440–443.)

Upon the trial of this case, the plaintiff proved the substantial allegations of the complaint, by the introduction of the mortgage, the several assignments and the dates of recording the same. Such proofs showed that the five-acre piece was subject to the lien of the mortgage. The defendant Clement Sweet then introduced the deed of the five acres to himself by Franklin Sweet, the mortgagor, and the release thereof by Franklin Creed, the mortgagee, and that these several instruments were the results of a common negotiation between the parties to the instruments, which when enlarged and expressed in their constituent elements signify that on the 1st day of May, 1873, Francis Creed, Franklin Sweet and

Clement Sweet met together and entered into a tri-partite negotiation, the said Creed to sell his land, and the said Sweets each to buy a portion of it. At the same time and place Franklin Sweet gave a mortgage back to said Creed, purporting to impose the lien of said mortgage upon said five acres; that said five acres were at the same time and place conveyed to Clement Sweet by Franklin Sweet, and at the same time and place said Francis Creed released said five acres from any lien under said mortgage, and that at the same time and place the defendant Clement Sweet, paid $150, the price of the five-acre lot, which went to make up the $500 received by Francis Creed, and that sum with the $2,000 secured to be paid by the mortgage, made up the price of the entire piece of land.

All this evidence was received without objection except that the evidence of the delivery of the release was objected to as immaterial and that the release was not then attested and acknowledged. This objection to the delivery of the release was doubtless properly overruled. These facts were proved without objection.

The next step in the trial was this question by defendant: " Q. Were not the execution and delivery of the deed from Francis Creed to Franklin Sweet and of the bond and mortgage from Franklin Sweet to Francis Creed; the payment of your $150 to Franklin, and his $350 with yours, making $500, to Francis Creed; the execution and delivery of the deed of the five acres to you, and the execution and delivery of the release thereof to you, simultaneous acts made at the same time and place, and one and the same transaction ?"

This was objected to as calling for a conclusion of fact, and improper, and the objection was overruled and defendant excepted. Thus it will be seen that all this evidence, when given in detail, was not objected to, and when it was afterward sought to embrace all this evidence in one question, that question was not objected to as calling for impertinent or irrelevant evidence, or evidence not within the issue, but simply as calling for a conclusion of fact, and improper. It

seems to me to be a very plain case where the parties have ignored the issue made by the pleadings, and by mutual consent tried another. (See authorities before cited.)

Nor do I perceive that any error was committed by overruling the objections and allowing the witness to answer the general questions referred to above. The witness had already testified to every fact contained in the general question, and without objection. Adding to the end of the general question embracing the entire series of acts, if they constituted "one and the same transaction," it seems to me was unobjectionable and could work no harm. (*Sweet* v. *Tuttle*, 14 N. Y. 465–472; *Knapp* v. *Smith*, 27 id. 277–282.) Every one of the matters constituting the series had been before proven to have been done at the same time and place without objection. Whether they constituted one and the same transaction was much more a conclusion of law than of fact, and were all before the trial court when this general question was asked, and could not in the least degree have affected the decision that was subsequently made by the court.

Upon the matters thus proven practically without objection, the trial court found as a conclusion of fact that, "First. That on the 1st day of May, 1873, the defendant Franklin Sweet made, executed and delivered to one Francis Creed his bond and mortgage as alleged in the complaint, and purporting to cover the premises described in the complaint in this action, but not intended to cover the five acres sold to Clement Sweet by Franklin Sweet, and bounded generally as follows: North by Henry Wilbur, east by Franklin Sweet, south by the highway, and west by Otis Moore, which mortgage was duly recorded in the Dutchess county clerk's office on the 7th day of May, 1873, in Liber 144 of Mortgages, at page 447, etc. This piece was never included in the plaintiff's mortgage, but was sold free from it before it was executed."

And, as a conclusion of law, "First. That the five acres of land claimed by the defendant Clement Sweet in this action, and included in the description in said mortgage, is free from said foreclosure." "Second. That the whole of the premises

described in the mortgage, except the five acres sold to Clement Sweet, be adjudged to be sold according to the rules and practice of this court in foreclosure cases."

These results are claimed to have been produced, notwithstanding the five acres are embraced within the description contained in both the deed and the mortgage mentioned, from the fact found that at the time of the execution of the mortgage Franklin Sweet, the mortgagor, did not own the five-acre lot, but the same was owned by the defendant Clement Sweet, who had purchased the same in legal effect from the owner thereof, Francis Creed, and paid him therefor, and that the deed from him to Franklin Sweet did not convey the five acres to the latter, but to him as conduit to Clement Sweet, and that the deed from Franklin to Clement Sweet was but the mode of accomplishing a sale of the five-acre lot by Francis Creed to defendant Clement Sweet. I think the evidence received upon the trial would warrant the inference of fact drawn by the trial court, and, hence, this court cannot interfere with the inference drawn, and it follows as a matter of law that the five acres in dispute was never subject to the lien of the mortgage, and that the same and the rights of the parties in respect to the mortgage are in nowise affected by the recording acts, for if the mortgage was not a lien upon the five acres, of course the recording acts could not operate to create a lien or a right where none existed before.

Treating, as we must for the purpose of this review, the deeds, mortgage and release as simultaneously made and delivered and as constitutent parts of the same transaction, the five acres conveyed to Clement Sweet were not in reality as between the parties embraced within the mortgage to Creed. And the fact that the deed of the five acres contained a covenant of warranty of quiet enjoyment gave to the grantor an interest to protect by way of defense against the mortgage so far as related to the land so conveyed by her deed. And such defense was available both to him and his grantee against Creed, the mortgagee.

The several assignees, including the plaintiff, must be deemed

to have taken the assignment of the mortgage subject to this right of defense. And the rule is too well settled to require amplification of the reasons upon which such rule is founded, that an assignee of a mortgage takes it subject to the equities between the original parties to it. The assignee steps into the place, in that respect, of the mortgagee. (*Bush* v. *Lathrop,* 22 N. Y. 535; *Davis* v. *Bechstein,* 69 id. 440; *Bennett* v. *Bates,* 94 id. 354.) And in the view taken, the recording act has no application to protect the assignee against the defense founded upon such equity. (*Schafer* v. *Reilly,* 50 N. Y. 61.)

Although the deed to Clement Sweet was not recorded until long after it was made, the notice which possession would afford of his rights was furnished by the fact that he went into actual possession of and occupied the five acres from the time he took the conveyance.

The judgment should be affirmed.

VANN, J. (dissenting.) Assuming that the release, as between the parties thereto, took effect immediately, the same as if it had been duly acknowledged, the question remains whether a release of part of mortgaged premises is subject to the recording act.

In *Decker* v. *Boice* (83 N. Y. 215), it was held that while an assignee in good faith, and for a valuable consideration, of a recorded mortgage, gets no preference over a prior unrecorded deed or mortgage by reason of such record, when his assignor could not claim it on account of notice or any other equity, still as such assignee is a purchaser and his assignment is a conveyance under the recording act, if the assignment is recorded before the recording of such prior deed or mortgage, he thereby obtains a preference and an unrecorded conveyance is as to him void under said act.

The court, speaking through ANDREWS, J., said: "The remark has been made in some recent cases, following *dicta* in earlier cases, that the only purpose of the statute authorizing the recording of assignments of mortgages was to regulate the relation to each other of successive assignees of the mortgagee

of the same mortgage, but in none of them was this remark essential to the decision. * * * It is doubtless true that it was one object of the provision * * * to protect a subsequent assignee * * * of the same mortgage from being defrauded through a prior assignment not before required to be recorded, and of which he might have no notice. But this was not its only purpose. The assignee in good faith and for value of a mortgage, by recording his assignment, may gain priority over a prior unrecorded mortgage, although it could not be claimed by his assignor." See, also, *Smyth* v. *Knickerbocker L. Ins. Co.* (84 N. Y. 589).

If, therefore, the release came within the provisions of the recording act, the plaintiff was protected against it, because it was not placed upon record until after two successive assignments of the mortgage had been recorded. She was a purchaser in good faith and for full value without notice of the release, and acquired all the rights and title of her assignors and of their assignor.

The recording act requires all conveyances to be recorded and renders void all that are not recorded, as against subsequent purchasers in good faith and for a valuable consideration. (4 R. S. [8th ed.] 2469, § 1.) A "purchaser," as defined by a subsequent section, includes, among others, every assignee of a mortgage. (Id., § 37.)

It follows, therefore, that the plaintiff can successfully invoke the statute, provided said release is a conveyance within the meaning thereof. The same act further provides that the term "conveyance," as used therein, shall be construed to embrace every instrument in writing by which any estate, or interest in real estate, is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, with certain exceptions that do not apply to this case. (4 R. S. 2475, § 38.) It has been held under this section that a release of part of mortgaged premises is a conveyance by which the title to real estate may be affected, and that, unless recorded, it is void as against a subsequent assignee of the mortgage for value and in good faith whose assignment

has been recorded. (*St. John* v. *Spalding,* 1 T. & C. 483.; *Mutual L. Ins. Co.* v. *Wilcox,* 55 How. Pr. 43.)

I think that a release is within the spirit, if not the letter, of the comprehensive definition of a conveyance quoted from the statute. It is an instrument in writing by which the title to real estate may be affected in law or equity, because it may prevent the transfer of the title under a foreclosure. It is in the nature of a satisfaction of the mortgage, so far as the premises released are concerned, and it has been held that a satisfaction-piece comes within the statutory definition. (*Bacon* v. *Van Schoonhoven,* 87 N. Y. 446.) The court in deciding that ʳcase said that a satisfaction-piece " is equivalent to a release of the mortgaged premises. Instruments creating liens by way of mortgage, being expressly declared to be embraced, for the purposes of this act, in the term ' convey-ance,' it is difficult to conceive any reason why instruments discharging such liens should not be included in the general definition."

While a release of the entire premises would utterly destroy the lien, a partial release destroys it *pro tanto.* If that which creates a lien may affect the title to real estate, that which extinguishes a lien may have a like result in that respect. The creation of a lien cannot affect title unless its destruction may also. If building up may have a certain effect, tearing down may also have an effect, by preventing that which might otherwise have taken place. Moreover, the release under consideration is in the form of a conveyance and has a granting clause, by which the party of the first part, for a con-sideration named, declares that he has " granted, released, quit-claimed and set over and by these presents doth grant, release, quit-claim and set over to the party of the second part, his heirs and assigns," the premises in question.

The learned trial court, however, decided the case upon the theory that the mortgage never attached to the five acres, because the deed of the entire tract, the mortgage back thereon, the deed of the five acres and the release thereof were all exe-cuted at the same time, were parts of the same transaction and

all of the parties understood that the part released was thereby exempted from the lien of the mortgage.

The complaint alleges the execution and delivery of the bond and mortgage and of the several assignments thereof and the recording of the same as stated. The premises, as described both in the complaint and the mortgage by metes and bounds, include the five acres. It is further alleged in the complaint, that " the mortgage was given for part of the purchase-money of the premises above described," referring to the entire tract. Clement Sweet and wife are the only defendants who served an answer. Without denying any of the allegations of the complaint, they allege that on May 1, 1873, Franklin Sweet and wife conveyed the five acres to said Clement Sweet, and that Francis Creed duly released the same from the lien of said mortgage. The defendants, therefore, stand upon the record as admitting, beyond the power of contradiction, that the mortgage was given to secure part of the purchase-price of the entire premises, and no amount of evidence, whether received with or without objection, would justify a finding to the contrary. Notwithstanding this the trial court found that the mortgage was not intended to cover the five acres and that they were never included in the plaintiff's mortgage, but were sold free from it before it was executed. Exceptions were duly taken to these findings, which are without any available evidence to support them, because, if for no other reason, the defendants had in their answer admitted that they were not true and they were hence estopped from asserting the contrary on the trial.

Besides, the very release read in evidence by them recites that the mortgage covered the lands purporting to be released. Its language is : " Whereas　*　*　*　by an indenture of mortgage　*　*　*　to secure the payment of the money therein specified," the mortgagor " did convey certain lands and tenements of which the lands hereinafter described are part, unto said mortgagee ; and, whereas," the mortgagee " has agreed to give up and surrender the lands hereinafter described unto the party of the second part, his heirs and assigns, and to

hold and retain the residue of said mortgaged lands as security for the money remaining unpaid on said mortgage," etc. This was followed by a description of the lands released.

Thus, the defendants admit, both by their answer and their evidence, that the mortgage covered the five acres, and there is no evidence that is claimed to show the contrary, except the several instruments already mentioned, and the fact that they were all executed simultaneously.

The form of the transaction, moreover, shows that the parties did not intend the result found by the trial court, as otherwise no release would have been necessary. Until the delivery of the deed of the entire tract, Franklin Sweet had no title to the five acres that he could convey to Clement Sweet, and as soon as that delivery was made the mortgage, covering in terms the five acres, and given for the purchase-price thereof, attached as a lien. The conveyance of the 113 acres and the mortgage back thereon, must have preceded the deed of the five acres.

There is, therefore, no evidence tending to sustain the findings referred to, even if the defendants were not concluded by their answer.

I cannot find, in the record before us, sufficient evidence of acquiescence by the plaintiff in the trial of an issue outside of the pleadings to conclude her or to affect her rights in any way. She simply read in evidence the bond and mortgage, and the several assignments thereof, proved when and where each was recorded, and rested. The defendants read in evidence, without objection, the deed from Franklin Sweet to Clement Sweet. When they offered the release in evidence, it was objected to "as immaterial, and that execution and delivery thereof were not proven until June 8, 1882."

Clement Sweet was then sworn as a witness, and testified that he owned "the five acres in dispute and covered by the mortgage;" that he was present when the deed of the whole farm was given by Creed to Franklin Sweet, who paid $2,500 therefor, $500 in cash, and the balance by bond and mortgage; that he, the witness, paid $150 for the five acres, being part of

the $500 paid down on the farm. He was then asked if the release was delivered to him at that time, and the plaintiff objected to the question as immaterial, and because the release was not then attested or acknowledged. The objection was overruled, and the witness answered: "Yes, sir; deed of five acres also, and at same time I saw deed delivered to Franklin Sweet and bond and mortgage given to Creed. Have been in possession ever since." He was then asked if the execution and delivery of all these papers were simultaneous acts, made at the same time and place, and as parts of one and the same transaction. This was objected to by the plaintiff as calling for a conclusion of fact, and improper, but the objection was overruled and the witness answered: "Yes." The defendants then rested, and no further evidence was given by either party, except that certain assignees of the mortgage testified as to what they paid for it, and that they never heard of the release until this action was commenced. The deed to Franklin Sweet was not offered in evidence. As the plaintiff objected to substantially all of the evidence tending to show that the deeds, bond, mortgage and release were executed at the same time and as parts of the same transaction, I am unable to see how she can justly be held to have impliedly assented to the trial of a new issue, not formed by the pleadings. The only issue, according to the pleadings, was whether the five acres were duly released from the lien of the mortgage, which it was admitted covered them. The issue, which it is now claimed was tried without objection, was whether, owing to a tri-partite agreement, the mortgage ever attached to the five acres. The statement of what occurred upon the trial shows that the plaintiff attempted to protect herself, by timely objections, from the trial of any question outside of the pleadings. The evidence now relied upon to support facts found, but not alleged, and the exact opposite of which was expressly admitted by the pleadings, was received notwithstanding the plaintiff's objections thereto. The judgment appealed from rests upon facts diametrically opposed to the express admissions of both parties in their pleadings.

I am unable to concur in the conclusion that such a judgment should be affirmed, and accordingly vote for a reversal and a new trial.

All concur with Potter, J., except Follett, Ch. J., and Vann, J., dissenting.

Judgment affirmed.