(10 Misc. Rep. 125.)

### RIKER v. CURTIS.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. STATUTE OF LIMITATIONS—ATTEMPT TO COMMENCE ACTION—ISSUING SUMMONS.
   Delivering a summons to a sheriff for service is not an attempt to commence an action which will stop the running of the statute of limitations (Code Civ. Proc. § 399), unless it was delivered to the sheriff of the county in which defendant resided.

2. PLEADING—AMENDMENT IN APPELLATE COURT.
   A complaint cannot be amended on appeal so as to change the cause of action from one for money loaned to one for money paid under mutual mistake, obtained by fraud, as such amendment would substitute a different cause of action from that pleaded.

Appeal from city court, general term.

Action by Fillmore Riker, substituted as plaintiff in place of Emily F. Wyckoff, by whom the action was originally brought,

against James L. Curtis, for money loaned. Said Emily F. Wyckoff died pending the action, and Jacob F. Wyckoff assigned the cause of action to said Fillmore Riker, the present plaintiff herein. From a judgment of the city court (27 N. Y. Supp. 1012) affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

E. A. S. Man, for appellant.
Edgar A. Turrell, for respondent.

BISCHOFF, J. The complaint declared upon two causes of action for money loaned; the defenses interposed being a general denial, that the several causes of action did not accrue within the six years immediately preceding the commencement of the action, and that the moneys alleged to have been loaned were in fact paid upon the purchase of a demand existing in favor of the defendant against a third person. Regarding the action as having proceeded upon the causes of action alleged, it was clearly error for the trial court to deny the defendant's motion, made when the evidence was finally submitted, for the direction of a verdict in his favor. It was then unchallenged that the summons was not served upon the defendant until some time after the expiration of six years immediately succeeding the accrument of the several causes of action; and there was no evidence whatever from which it could be made to appear, even inferentially, that the defendant was not at all times a resident of the state, or that the bar of the statute of limitations was removed by a new promise of part payment. The defense of the statute had therefore prevailed, and a judgment for the defendant was inevitable. Proof that the summons was lodged with the sheriff within the six years, for service upon the defendant, without further proof that the defendant was at the time a resident of the same county, did not operate to prevent the effect of the statute. Code Civ. Proc. § 399. Furthermore, it was conclusive from the unchallenged testimony of an unimpeached and disinterested witness that the defendant then was a resident of a county other than the one with the sheriff of which the summons was lodged for service.

Deeming the evidence adduced on the trial sufficient to show either that the moneys sought to be recovered in this action were paid by the plaintiff to the defendant under a mutual mistake, or that the moneys were obtained by the defendant from the plaintiff by fraud, and intending to invoke the aid of a ruling that, under such circumstances, the statute of limitations was not set in motion until a demand for the return of the moneys upon discovery of the mistake or fraud, the general term below directed an amendment of the complaint to conform to the proof, and so affirmed the judgment. That such an amendment was unauthorized is obvious. No amendment of the complaint was asked for on the trial, and, indeed, the trial court could not have granted it, since its effect would have been to substitute new and entirely different causes of action for

those pleaded. Freeman v. Grant, 56 Hun, 640, 8 N. Y. Supp. 912; Gaslight Co. v. Rome, W. & O. R. Co., 51 Hun, 119, 5 N. Y. Supp. 459; Hill v. Assurance Corp. (City Ct. N. Y.) 12 N. Y. Supp. 86; Fisher v. Rankin, 55 Hun, 606, 7 N. Y. Supp. 837; Steamship Co. v. Sheahan, 122 N. Y. 461, 25 N. E. 858; Cumber v. Schoenfeld (Com. Pl. N. Y.) 12 N. Y. Supp. 282. The authority of the appellate court to direct an amendment of the pleadings obtains only in the cases where the amendment could have been directed by the trial court. Reeder v. Sayre, 70 N. Y. 180; Harris v. Tumbridge, 83 N. Y. 92. True, issues other than those created by the pleadings may be litigated by consent of the parties; and, where that has been done, it is the province of the trial court to direct an amendment of the pleadings to conform to the proof. If the amendment is omitted on the trial, the appellate court, in the case stated, may either direct it, or deem the pleadings to be amended. Fallon v. Lawler, 102 N. Y. 228, 6 N. E. 392; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. In the absence of expressed consent to the litigation of other issues, such consent may be inferred from the evidence offered upon the one side, and the absence of objections or the character of the objections upon the other. Frear v. Sweet, supra. No such consent, however, is inferable in the case under review, since the record fails to disclose the admission of any evidence whatsoever which was not relevant and competent to the issues created by the pleadings. The rule requiring the recovery to be secundum allegata et probata obtains in all cases where it does not appear that substituted issues were litigated on the trial (Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698); and, though the evidence may justify a recovery upon a cause of action other than the one alleged, the appellate court is without authority to award it. It is the exclusive province of the trial court to determine the facts in the first instance. Riley v. Black, 1 Misc. Rep. 288, 292, 20 N. Y. Supp. 695, and cases cited.

The judgments of the general and trial terms below should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.