SMITH v. FOX.

(Supreme Court, Appellate Term, First Department.   November 25, 1896.)

1. PLEADING—DEFENSE NOT PLEADED.
    A defense not pleaded may be taken as within the issues by consent, where it was litigated without objection at the trial.
2. EVIDENCE—WEIGHT AND SUFFICIENCY.
    A finding that plaintiff was sole contractor to do work for defendant is justified where plaintiff testifies that such was the case, and that his contract was verbal, and distinct from a contract signed with his name and that of another as partners, produced by defendant. and explains such contract by testifying that it was signed in that manner by the other party, at defendant's request, though it was then understood that plaintiff had no interest in it.

Appeal from Ninth district court.

Action by Gustav T. Smith against Henry E. Fox for work, labor, and services and materials furnished.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Edmund Luis Mooney, for appellant.
Elek J. Ludvigh, for respondent.

BISCHOFF, J.   The plaintiff brought this action to recover for work, labor, and services and materials furnished in the course of the defendant's construction of certain buildings as contractor, under an agreement whereby he was to act as foreman or superintendent of plumbing work for a stated compensation, and to be reimbursed for expenditures for labor and materials required in the course of the work.   Upon this appeal the only question brought into controversy relates to the defense of a defect of parties, based upon the nonjoinder of one William A. Fox as a party plaintiff, the defendant's contention being that Fox and the plaintiff, as co-partners, were the parties with whom the defendant had contracted for the performance of some, if not all, of the services for which this action was brought.   While this defense was not pleaded, it was litigated quite fully at the trial without objection, and may be taken as within the issues by consent, as the appellant claims (Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910); yet upon the facts in evidence the justice was authorized to determine this issue favorably to the plaintiff, and we do not find that the preponderance of proof was to the contrary.   There was merely a conflict of testimony.   William A. Fox was a brother of the defendant, and engaged in the plumbing trade, although not a licensed plumber.   He had been identified with Smith, the plaintiff, in this class of work, and it

may perhaps be inferred that, but for this connection, the latter would not have been employed by the defendant. But he testified that with regard to this particular work his employment was as an individual, and that Fox was not connected with him as a partner in the transaction, his agreement being a verbal one, and apart from a written contract entered into by this William Fox with the defendant, upon which the latter relied in support of the contention that the work in suit was to be performed by Smith and Fox as partners. This contract was placed in evidence by the defendant, and purported to be an agreement by "Smith & Fox" with the defendant, whereby the former were to furnish plumbing supplies to the defendant at an agreed price; and it is claimed in support of the defense that this was the plaintiff's contract. The evidence shows that the signature "Smith & Fox" was affixed to the paper by William Fox in the presence of the plaintiff and the defendant, but it is disputed whether or not William Fox thus signed it as Smith's partner. According to Smith, the plaintiff, this contract was one solely between the Fox brothers, but he allowed his name to be placed upon the paper to oblige the defendant, who "said it would look better if it was signed that way." Referring to a conversation had with the defendant relating to this intended manner of subscribing the agreement, he testified: "I told him I wouldn't have anything to do with the job. All I would do would be to superintend for him, Henry E. Fox." If his testimony was to be believed, then this written contract was not his contract, but was signed "Smith & Fox" by a person who, to the knowledge of the parties at the time, was expressly without authority to bind him, and in accordance with the understanding that he was not a party to the agreement; and since the services and materials in suit were claimed to have been rendered and furnished in the performance of a distinct contract between these parties litigant alone, according to the plaintiff's evidence, the justice, in giving credit to his version of the transaction, necessarily found unfavorably to the defense of a defect of parties. Smith's explanation of the circumstances surrounding the execution of this written contract by William Fox with the joint use of his name was not against the probabilities to any such degree as to call for our disapproval of the judgment rendered upon his evidence. From the facts of record it is inferable that the defendant secured the addition of Smith's name to his brother's contract to obviate any question of its validity through the latter's failure to have obtained a license as plumber, should the contract be made the basis of a lien against the buildings for which materials were furnished; and, while Smith might well have been held to be a party to the contract, as to third persons, the evidence supports the fact that he was not, in so far as his relations with the defendant were concerned.

The judgment must be affirmed, with costs. All concur.