(19 Misc. Rep. 635.)

### HOLT BROS. v. WOLF.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
   A ground of exception which was not urged in the trial court is not available on appeal.

2. TRIAL—LITIGATING ISSUES NOT RAISED BY PLEADINGS.
   The submission of an issue to the jury will not be denied because it was not raised by the pleadings, where evidence under it was admitted without objection, and no motion was made to strike out such evidence, or that the jury be instructed to disregard it.

Appeal from Second district court.

Action by Holt Bros., a corporation, against William G. Wolf. From a judgment entered on a verdict in favor of defendant on his counterclaim, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frank S. Holt, for appellant.

George Freifeld, for respondent.

BISCHOFF, J. The plaintiff, a corporation conducting a printing business, entered into a contract with the defendant, a lithographer, whereby the latter agreed to lithograph 500,000 pamphlet covers for the plaintiff, at the stated price of $140, the plaintiff to furnish the paper upon which the work was to be done; such covers being intended by the latter to be used in the make-up of pamphlets which it had engaged to print and supply to a third party. Paper sufficient for the work, and of the value of $220, was furnished by the plaintiff to the defendant, and the lithographing work was done; but, according to the plaintiff, the execution was faulty, and the result useless for its purposes. Alleging the negligence and unskillfulness of the defendant in the performance of the work, the plaintiff brought this action to recover the value of the paper thereby lost to it, and the defendant set up a counterclaim for the agreed price of the services performed by him under the contract. Evidence was given on behalf of the plaintiff showing that the work was done in an unskillful manner, and, on the other hand, the defendant adduced testimony in support of his counterclaim, founded upon due performance of his agreement; and these issues were submitted to the jury, whose verdict upon the merits of the case was with the defendant for the amount of the counterclaim, based upon his proper performance. We cannot say that the jury's finding in this case was contrary to the weight of the evidence, and, indeed, the appellant does not ask a reversal of the judgment

upon the facts; the argument being confined to the validity of two exceptions taken to the charge delivered by the justice, which we proceed to discuss:

The court charged the jury that, if they should find the plaintiff's case to be established by the preponderance of the evidence, their verdict should be for the plaintiff in the amount claimed, otherwise the defendant should prevail; and, if the verdict was in favor of the defendant, it should be for the sum of $140, the contract price of his work. It is now claimed that this instruction was improper, in that the jury were thereby precluded from finding a verdict for the defendant generally, and it is true that the charge might well have alluded to the propriety of such a finding, should the facts be taken by the jury to warrant it; but this was not the ground upon which the exception was based, and the attention of the justice was not called to the point, as it should have been, to render the failure to make this additional instruction available upon appeal as a ground for reversal. Adams v. Steamboat Co., 9 Misc. Rep. 25, 29 N. Y. Supp. 56; Friend v. Jetter, 19 Misc. Rep. 101, 43 N. Y. Supp. 287. The point actually taken by counsel at the trial was that there was no proof of the nonpayment of the sum of $140 to the defendant, and that a verdict for that amount should not be found; but this position was untenable, since, by an allegation contained in the reply to the counterclaim served by the plaintiff, the nonpayment was admitted, and the matter was not among the issues in the case,—assuming that otherwise the burden would have been upon the defendant to prove nonpayment, as contended.

The remaining exception was taken to the submission to the jury of the question as to what was the actual contract between the parties; it being claimed upon this appeal that the allegations of the complaint, setting forth the contract, were admitted, and that the admitted contract required performance by the defendant "to the satisfaction" of the plaintiff, which element of the agreement was not called to the jury's attention. It is true that the pleadings contained an admission of the terms of the contract as claimed, but it is as certainly the fact that the appellant did not attempt to confine the issue to the pleadings in this regard when evidence was forthcoming to prove an agreement differing from that pleaded. Without objection, the defendant was allowed to testify to the terms of the contract, his testimony supporting an agreement with the condition as to the plaintiff's satisfaction omitted; and the witness Coade, called for the plaintiff, testified with like effect upon his direct examination. The issue, although not framed by the pleadings, was admitted to the case by concession, implied from the attitude of the parties. Frear v. Sweet, 118 N. Y. 458, 23 N. E. 910. And the appellant was not in a position to oppose its submission to the jury; his implied consent having at no time been negatived by a motion to strike out the testimony alluded to, or by a specific request that the jury be instructed to disregard it.

Judgment affirmed, with costs. All concur.