(21 Misc. Rep. 346.)

### COOK & BERNHEIMER CO. v. HAAN.

(Supreme Court, Appellate Term. October 1, 1897.)

1. JUDGMENT ON PLEADINGS.
   If, in an action for goods sold and delivered, the allegations of the complaint as to agreed price and reasonable value are put in issue by the answer, a motion by plaintiff for judgment on the pleadings is properly denied.
2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Objections which, if raised at the trial, or in the course of the proceedings, might be obviated, cannot be urged for the first time on appeal.

**3. SAME—OBJECTIONS WAIVED.**
> Where a party, by not objecting or otherwise, consents to litigate questions
> not technically within the issues, he will not on appeal be heard to complain
> that the recovery was not upon the cause of action specifically alleged.

Appeal from First district court.

Action by the Cook & Bernheimer Company against Rudolph M. Haan. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Douglass & Minton, for appellant.
Oppenheim & Severance, for respondent.

McADAM, J. The amended complaint shows that the action is by a domestic corporation to recover for the sale and delivery of five cases of Mount Vernon rye whisky, "at agreed prices, amounting in all to $74.58; the same being the reasonable value thereof." The allegations as to agreed price and reasonable value were put in issue by the defendant, so that the plaintiff's motion for judgment on the pleadings was properly denied. The defendant depended chiefly upon a counterclaim under an agreement made with the plaintiff's salesman, whereby the defendant was to advertise the plaintiff's goods, by displaying them, to the exclusion of his own, in his store window on Broadway, near Thirty-Fourth street, at a charge to the plaintiff of $50 a month for one year. The defendant proved the agreement without objection, and that under it he placed four cases of the plaintiff's whisky in his show window, together with a large bottle and business signs, which the plaintiff's salesman had furnished for the purpose; the display being made in pyramid form, and in a manner to attract attention. He also proved, by a disinterested witness, that the use of the window for advertising purposes was worth considerably more than the salesman had agreed to pay for the same. The justice allowed the defendant $100 on his counterclaim, from which he deducted the sum demanded by the plaintiff, and rendered judgment in favor of the defendant for the balance.

It is urged by plaintiff that its salesman had no power to bind it by the alleged agreement. The position he occupied certainly gave him no implied authority to make such a contract. But the plaintiff, neither by motion to dismiss the counterclaim, nor any form of objection, called in question the power of the salesman to make the arrangement testified to by the defendant. Indeed, for all that appears to the contrary, the salesman may have been expressly authorized to do as he did. We have repeatedly held that objections must be made in the court below, where they may be obviated, for—

> "Objections which were not taken upon the trial, or in the course of the proceedings, cannot be urged on appeal. * * * This doctrine is founded upon considerations of great importance to the due administration of justice, and which are recognized to a greater or less extent in the practice of all the courts. The constant application which is made of this rule shows how well it serves the interests of the public, as well as of litigants. It is certainly not unreasonable to require a party desiring to review in an appellate court the action of the trial court to call the attention of the trial court, by reasonable objections, to the proceeding complained of." 8 Enc. Pl. & Prac. 157.

The plaintiff also urges that the proof offered does not conform to the defense pleaded. It is consistent therewith, and certainly with the relief demanded. If there was any variance, the evidence ought to have been objected to when offered; or, if not connected, a motion to strike out should have been made, to present the question in form for a ruling by the justice, which ruling might have been reviewed. The plaintiff did not adopt this course, and the rule is that, "where a party, by not objecting or otherwise, consents to litigate questions not technically within the issues, he will not on appeal be heard to complain that the recovery was not upon the cause of action specifically alleged." Kafka v. Levensohn, 18 Misc. Rep. 205, 41 N. Y. Supp. 368; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910.

While we might have found otherwise on the proofs, the defendant's repeated requests for delay, and promises to adjust the plaintiff's claim, being inconsistent with the existence of an indebtedness to him, we cannot hold that the justice was bound to disbelieve the uncontradicted evidence of the defendant, introduced without objection.

The judgment must be affirmed, with costs. All concur.