WILSON et al., Appellants, v. MANDE-VILLE et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. November 18, 1908.) Action by James G. Wilson and another against William H. Mandeville and another. No opinion. Judgment affirmed, with costs.

---

ZORN, Respondent, v. ITHACA ELECTRIC LIGHT & POWER CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 11, 1908.) Action by Frank M. Zorn against the Ithaca Electric Light & Power Company. No opinion. Interlocutory judgment affirmed, with costs, with usual leave to withdraw demurrer and plead upon payment of costs in this court and at special term.

---

STERLING AMUSEMENT CO. v. LA COM-PAGNIE GÉNÉRALE TRANS-ATLANTIQUE.

(Supreme Court, Appellate Term. February 16, 1909.)

1. SHIPPING (§ 167*)—CARRIAGE OF PASSENGERS—BAGGAGE—ACTIONS—PROOF.

In an action against a steamship company for damage to baggage en route, the printed passage ticket, containing the terms of the contract, was admissible under the general denial.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 554; Dec. Dig. § 167.*]

2. SHIPPING (§ 167*)—CARRIAGE OF PASSENGERS—CONTRACTS—CONSTRUCTION.

In determining whether a passenger had a cause of action for damage to baggage under the contract for passage, the contract must be construed as a whole.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 554; Dec. Dig. § 167.*]

3. APPEAL AND ERROR (§ 832*)—REHEARING—GROUNDS—DEFECTS RELATING TO RECORD.

Though a judgment of the Supreme Court limiting recovery for loss of baggage to the amount stated in the passage ticket was based upon allegations of limited liability in an amended answer contained in the record on appeal, when the amendment had in fact been disallowed below and the original answer did not allege a limited liability, a motion for reargument on that ground will be denied, where there was no objection to the presence of the amended answer in the record, and in view of the fact that an amendment alleging a limited liability would doubtless be allowed on retrial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3215; Dec. Dig. § 832.*]

On motion for reargument. Reargument denied.

For former opinion, see 113 N. Y. Supp. 1032.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

PER CURIAM. The motion for a reargument herein is based upon two grounds: First, that the appellate court was misled by the appearance in the printed case on appeal, as part of the pleadings, of a proposed amended answer which had been disallowed on the trial, and that in reaching its conclusion the court was governed by the allegation of limited liability contained therein, which allegation was not in the original answer; second, that the court disregarded the fact that there was payment for excess baggage by plaintiff, which constituted a special contract as to the transportation of the articles in question, independent of the terms of the original contract for passage as embodied in the tickets purchased by plaintiff from defendant.

As to the latter ground of motion the evidence was not, in our opinion, sufficient to establish a payment for excess baggage to the defendant or the making of such alleged special contract with any agent of defendant having authority to so contract. The plaintiff, therefore, had no cause of action, save as contained in the printed passage ticket, an admittedly accurate copy of which was introduced in evidence by defendant's counsel without exception on the part of the plaintiff. This evidence was properly admitted under the general denial contained in the answer, and the only objection made to its introduction was that it was not binding upon plaintiff because of the alleged subsequent special contract of transportation, which contract plaintiff failed to establish by competent proof. This printed contract for transportation from Paris to New York, which constituted the only cause of action proven by plaintiff, must be considered as an entirety, and plaintiff is bound by the terms thereof. The legal effect of the written contract became, therefore, one of the principal questions litigated between the parties, as to which requests to charge were submitted to the court and instructions given to the jury which in our opinion, under the authorities, constituted reversible error. "In the absence of amended pleading or stipulation, the court of review must infer the consent to try issues from the evidence offered upon the one side, and the absence of objections, or the character of the objections, if any are made, upon the other side." Frear v. Sweet, 118 N. Y. 454, 458, 23 N. E. 910, 911.

The opinion previously filed herein has been corrected, so as to eliminate the erroneous reference to the proposed amended answer.

For the reasons above stated, and for the further reason that an application, if made at Special Term, to amend the answer so as to allege limited liability, would doubtless be granted, thus limiting plaintiff's recovery to $100, the motion for a reargument is hereby denied, without costs.