MARIA RAYNOR et al., Respondents, *v.* CHRISTOPHER TIMERSON, Appellant.

(Argued March 7, 1873; decided June term, 1873.)

THIS was an action of ejectment to recover possession of about six acres of land in Cayuga county. Both parties claimed title through one Baltus Lingenfelter, the former owner. On the 10th July, 1824, he conveyed to one Putnam, by metes and bounds, a piece of land embracing that in dispute. Putnam took possession and cleared a portion; through various *mesne* conveyances, John M. Raynor became vested with this title on the 19th March, 1852. He died in 1863, and plaintiffs, his heirs-at-law, succeeded to his title. Defendant claims title through a conveyance from Lingenfelter to one Blanchard, in March, 1829, which also embraces the land in dispute. Defendant became vested with this title in 1853. This last deed from Lingenfelter was recorded in 1829; the prior deed was not recorded until 1833. It was a disputed

question whether there had been any division fence between Putnam and Blanchard, defendant claimed that there had been a board fence, but this was contradicted on the part, of plaintiffs. Defendant also gave evidence that a new line fence was built on the line where the old fence was located; but the evidence was conflicting as to whether Raynor assented to the location, so as to be estopped by it. The location was made by one Alma Blanchard, son of the original grantee above named. After the erection of the new fence defendant took possession, occupied and made improvements up to it. Defendant claimed title, by adverse possession, up to the fence. The question as to the fact of the location of the line fence and the adverse possession were submitted to the jury, who found for plaintiffs. The court charged them if the location made by Blanchard was erroneous, and Raynor was ignorant that the mistake had been made by Blanchard, and was ignorant of the subsequent improvements by defendant, then the plaintiffs were not estopped. *Held*, that Putnam having gone into possession under his deed, his title, and that of his grantees, although his deed was not recorded, was not impaired by the subsequent conveyance, such possession being notice. That the charge was correct, and the question of adverse possession was properly submitted to the jury.

*H. W. Howland* for the appellant.

*David Wright* for the respondents.

REYNOLDS, C., reads for affirmance.
All concur.
Judgment affirmed.