(78 Misc. Rep. 465.)

UNION BANK OF BROOKLYN v. RUBINSTEIN et al.  (No. 3.)

(Supreme Court, Special Term, New York County.  October, 1912.)

1. MORTGAGES (§ 199*)—RIGHT TO RENTS—RECEIVERS.

The mortgage providing that, on default in payment of principal or interest, the mortgagee shall have the right to take possession and receive the rents, it need not have a receiver appointed, to be entitled to the rents, as against the mortgagor's grantee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

2. VENDOR AND PURCHASER (§ 232*)—PURCHASER FROM MORTGAGOR—RIGHT TO RENTS—NOTICE.

Though the assignment to the mortgagee of the rents of mortgaged premises was not recorded when the mortgagor deeded the premises to another, the mortgagee's possession of the premises and the provision of the mortgage that on default in payment of principal or interest the mortgagee should have the right forthwith to take possession of the premises and receive the rents were notice to the grantee of the mortgagor's rights.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

Action by the Union Bank of Brooklyn against Reuben Rubinstein and others to foreclose a mortgage on real property. Judgment for plaintiff.

Louis Goldstein, of Brooklyn (Rufus O. Catlin, of Brooklyn, of counsel), for plaintiff.

House, Grossman & Vorhaus, of New York City (Edward Kaufman, of counsel), for defendants Rubinstein and Rude.

Shaw, Fisk & Shaw, of New York City (James M. Fisk, of New York City, of counsel), for defendant Suchy.

GIEGERICH, J.  [1, 2]  In addition to the questions considered in the memorandum handed down herewith in action No. 1 (138 N. Y. Supp. 644), this case presents the further question of the right of the defendant Suchy as owner of the mortgaged premises to require from the plaintiff an accounting of the rents collected by the plaintiff. The defendant Suchy bases her claim to such right upon the fact that the plaintiff never procured the appointment of a receiver and did not record its assignment of the rents made to it by the defendants Stern, who were at the time the owners of the property, until after the defendant Suchy had purchased the premises from the Sterns.

Under the facts shown in this case the appointment of a receiver was not necessary to give the plaintiff a right to the rents as against the defendant Suchy. The mortgage provided that upon default in the payment of either principal or interest the mortgagee should have the right forthwith to take possession of the premises and receive the rents. At the time the defendant Suchy received the deed of the property the plaintiff was in possession of the premises and was collecting the rents under this provision of the mortgage. Although the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assignment of the rents was not recorded until after the making of the deed to the defendant Suchy, the plaintiff's possession of the premises, in connection with the provisions of the mortgage, was nevertheless notice to her of its rights. Raynor v. Timerson, 54 N. Y. 639, 640; Kennedy v. Nat. Union Bank, 23 Hun, 494, 496; Frear v. Sweet, 118 N. Y. 454, 462, 23 N. E. 910. Such being the case, I think the defendant Suchy is not entitled to the rents, but that they should be, as they have been, applied toward the payment of the principal and interest of the mortgage. There must, therefore, be a judgment of foreclosure and sale, as indicated in action No. 1.

Requests for findings should be submitted, with proof of service, within five days after the publication of this memorandum.